United States District Court
For the District of Columbia

FILED

JAN 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORIGINAL

Vijai N. Rai
13002 Emmet Court
Woodbridge Virginia 22192

V.

Mike Johanns, Secretary
United States Department of Agriculture
1400 Independence Avenue SW
Washington, D.C. 20250

Civil Action No.

CASE NUMBER 1:06CV00109
JUDGE: Richard J. Leon
DECK TYPE: Employment Discrimination
DATE STAMP: 01/20/2006

JURY ACTION

Complaint

Count One

(Employment Discrimination)

1) At all times herein the plaintiff is an employee of the United States Government who is a native of India and an applicant for the position of Director, Minerals and Geology Management Staff, grade ES-0101/0401/0801/1301 in announcement FS-SES.18NFS-2002A. The plaintiff is also an applicant for the position of Supervisory Biological Scientist/General Engineer/Physical Scientist, GS-40 1/801-1301-15 and Assistant Director, Minerals and Geology Management Staff, advertised under announcement WO-0041-03G(TK) The defendant is the Secretary of Agriculture for the United States Government. The basis of the lawsuit is the violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000(e) et. seq.

2) The plaintiff applied for the positions which were given to less qualified applicants who lacked the educational background and work experience of the plaintiff. He filed a timely complaint with the office of civil rights of the agency when he was not selected. He alleged that he was not selected based upon his race, (Asian) color (Brown) and national origin(East Indian). On July 30,2003 he was advised that he was not selected and the position was given to an individual who was not in the protected class of applicants and whose educational background and work experience was inferior to that of the plaintiff. The plaintiff withdrew his request for a hearing before the EEOC and is awaiting a final agency decision at this time on his complaint. More than 180 days has passed since he filed his formal complaint and his lawsuit is timely. Jurisdiction and venue are appropriate in this court by virtue of the fact that the agency is located in the District of Columbia and the position is in the District of Columbia

3) In regards to the first position (Director, Minerals and Geology Management Staff), the selectee was Mr. Marvin (Skip) Underwood, a Caucasian American who had previously worked for the selecting official, Mr. Tom Thompson, in Colorado and had known him for a number of years.

4) The US Department of Agriculture (USDA) and the US Forest Service (USFS) excluded the plaintiff's application from the best qualified (BQ) list for this position based on factors other than merit when certain panel members arbitrarily and without basis assigned very low rating for a number of executive core qualifications (ECQs) in his application.

5) The plaintiff had far superior educational background (two M.S. degrees and Ph. D. in Geology) than the selectee who simply had a B.S. in Forestry and Wildlife or far that matter better than any other applicant for the Director's position.

6) The plaintiff had nearly 30 years of direct and relevant working knowledge and experience in the areas of mineral resources and geology and was working in the USFS Minerals and Geology Management Office on a long-term detail from the Department of the Interior at the time he applied for the two positions in dispute.

7) Plaintiff's work experience was fully consistent with th requirements specified in the statement of duties in the vacancy announcement. The selectee, on the other hand, had neither the educational background in geology and mineral resources nor direct work experience consistent with those specified in the statement of duties in the vacancy announcement.

8) The plaintiff's work experience on Federal mineral and geologic resources programs and his exceptional abilities and knowledge of natural resources and environment was the basis for a very strong letter of recommendation in support of the plaintiff's application for the Director's position that was sent by two high-level Department of Interior officials to the Under Secretary for Natural Resources and Environment, USDA on September 3, 2002.

9) Despite plaintiff's outstanding educational background and work experience, the USFS rater, Ms. Barbara Weber, assigned a rating of one out five on three of the five ECQs and a three out of five for technical knowledge and subsequently justified her rating of plaintiff's application by stating that in her personal rating system, a score of one indicates qualified. Use of personal rating system is contrary to agency procedures for evaluating applications for Federal vacancies.

10) The USDA/USFS averaged the rating of 1's with 4's given by other raters for the same ECQ's to arrive at an average score for the plaintiff's application even though the individual scores differed by as much as 60% between different raters.

11) The USDA/USFS personnel disregarded repeated requests by the plaintiff to review,

reconsider and/or meet to discuss the rating and in fact reaffirmed the rating as a part of the second rating panel.

12) When the selecting official, Mr. Thompson, became aware that the selectee's (Underwood) name was not among the best qualified applicants rated by the first panel, he and/or his staff contacted the USDA/USFS personnel office and were instrumental in having a second panel rate all applications, including the selectee's. However, Thompson did nothing to ensure a review of the rating of plaintiff's application even though he was repeatedly made aware of the plaintiff's concerns about the rating by his staff.

13) When the plaintiff raised his desire to set up a meeting with Mr. Thompson to discuss his concerns about the rating process, Ken Johnson, then Assistant Director of Minerals and Geology Management Staff, advised the plaintiff that Thompson was fully aware of the plaintiff's concerns about the rating process and nothing can be gained by such a meeting.

14) Even though minority applicant(s) were rated higher than Underwood, Thompson selected Underwood without interviewing any others for the vacancy.

15) With respect to the second position that of Assistant Director of Minerals and Geology Management Staff (that would have been a lateral career move for the plaintiff who was already a GS-15), Thompson selected Michael Burnside, a Caucasian American. In an undated and unsigned statement by the USFS, the agency indicated that the plaintiff was rated near the bottom for this position even though he was already a GS-15, had the highest academic credential and had work experience in providing guidance and leadership on minerals-and geology-related policies and issues at the highest level in the Department of the Interior.

16) As the direct result of the acts of employment discrimination noted above, the plaintiff

was denied positions wherein he was the better qualified candidate than the selectees. He was deprived of employment opportunities within the federal government, lost income benefits, fringe benefits and other terms and conditions of employment. He suffered anxiety and emotional distress because of the acts of employment discrimination directed toward him by the agents of the defendant who were acting in the scope of their employment and on behalf of their employer. He seeks the following relief;

17) Promotion to an SES position within the Government suitable to his education and training, and experience.

18) Back pay and all fringe benefits, compensatory damages, attorneys' fees, Court costs, and any additional relief the Court deems appropriate. Trial by jury demanded on all issues.

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375