United States District Court
For the District of Columbia

Vijai Rai

    Plaintiff

vs.                                           Civil Action No. 06-0109 (RJL)

Mike Johanns,
Secretary,
Department of Agriculture

    Defendant

                            To: Mike Johanns
                            C/O John F. Henault, Esq.

**PLAINTIFF'S MOTION FOR AN ORDER REQUIRING THE DEFENDANT TO PRODUCE DOCUMENTS AND RESPONSE TO INTERROGATORIES**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Plaintiff, by counsel, respectfully requests the Court to enter an Order compelling Defendant, Mike Johanns, Secretary, U.S. Department of Agriculture (Defendant), to fully respond to Plaintiff's requests for documents and response to interrogatories for the entire relevant time period, up to present. In support of this Motion, Plaintiff presents the following:

1. Plaintiff has submitted three sets of documents requests and interrogatories to the Defendant throughout the course of this litigation commencing on May 22, 2006, June 6, 2006, and August 8, 2006. Plaintiff also responded to the Defendant with reasons why the Defendant should provide the requested information and documents. The Defendant has failed to provide the responsive documents and information for nearly a year.

2. Plaintiff and his counsel met in good faith with the Defendant's counsel on January 29, 2007, in an effort to resolve all outstanding issues with respect to Plaintiff's document requests and request for responses to interrogatories so that the discovery may be completed.

3. To address Plaintiff's concerns raised during the meeting, the Defendant transmitted a letter to the Plaintiff on April 4, 2007, providing documents that were duplicative and already in the Report of Investigation (ROI) and were non-responsive.

4. Plaintiff requests the Court to order the Defendant to provide the necessary documents so that Plaintiff can decide whom to depose and complete the discovery process. These documents and/or information (listed below) are crucial for purposes of deposing witnesses and to prove Plaintiff's allegation of discrimination as well as for preparation of his testimony during the deposition.

5. Plaintiff provided a copy of three (3) e-mails and a fax to the Defendant's counsel during the meeting on January 29, 2007, but the Defendant has failed to modify or supplement its earlier response which states that the Defendant does not recall having received these e-mails and fax.

6. Defendant continues to deny that it has in its possession any correspondences among the USDA, USFS, and the U.S. Office of Personnel Management (OPM) between February 10, 2003, when Marvin Underwood was selected to fill the vacancy (Director, Minerals and Geology Management Staff; FS-SES-18NFS-2002A) by the Selecting Official, and July 30, 2003, when it was announced by the Defendant – more than five (5) months later.  Under the Federal Personnel

procedures, Defendant was required to submit and secure OPM's certification of Mr. Underwood's selection into the Senior Executive Service (SES). All correspondence between the Defendant and the Office of Personnel (OPM) are crucial to Plaintiff to ascertain what additional steps, if any, the Defendant performed to have Mr. Underwood's selection certified by the OPM. This information is crucial because Mr. Underwood has a degree in Forestry and Wildlife and did not possess knowledge of geology, minerals, reclamation and others required in the Statement of Duties for the vacancy. Defendant simply provided a computer print out, dated July 11, 2003, of the approval of Mr. Underwood's selection into the SES by the OPM but none of the related correspondence between the Defendant and the OPM. For example, transmittal memorandum, additional information, if any, to supplement Mr. Underwood's application, and related correspondence during the intervening five (5) months from the Defendant to OPM with respect to the certification of Mr. Underwood into the SES.

7. Defendant has acknowledged that a letter of recommendation, dated September 2, 2002, from two Department of the Interior officials to Mr. Mark Rey, Under Secretary of Agriculture (Exhibit #1) was placed into the Plaintiff's application package but reiterated that the Defendant has been unable to obtain any additional information. It is inconceivable that Mr. Rey or his office simply placed the letter into Plaintiff's application package without going through the Agency officials involved in the selection process. That letter must have been processed by officials of the Defendant through the ordinary course of business and

subsequently a decision was made by an official to place the letter in the Plaintiff's application package. This information is crucial as to how the letter was processed and by whom and if an effort was undertaken by the Defendant to manipulate the rating process to ensure that Plaintiff was not among the best qualified list (in view of the very strong letter of recommendation to the Under Secretary overseeing the agency). For example, Marvin Underwood, the selectee for the Director's vacancy received a rating of mostly 5s and 4s out of possible 5 for all but one of the rating factors by the Forest Service rater, Ms. Barbara Weber, including a 4 for technical qualifications even though he had degree in Forestry and Wildlife and neither an educational background nor any direct work experience in geology and minerals – as specified in the Statement of Duties for the vacancy. Ms. Weber, however, placed the Plaintiff dead last among 16 applicants and assigned a rating of one (1) out of possible five (5) for three (3) of the executive core qualifications (ECQs) and a score of three (3) for technical qualifications for a position where the Statement of Duties required an understanding of geology, mining, reclamation and related activities. The absurdity of her rating can be clearly established by the fact that Plaintiff, who has a Ph.D. in geology, had the highest educational qualifications among all the applicants; had completed senior executive training at Harvard University and the Federal executive Institute; and had worked in increasingly responsible positions in the Federal Government for nearly 25 years – the last 12 as a senior staff (GS-15) in the Office of the Secretary of Interior- exclusively with respect to public land management issues involving minerals, geology and environment. The

scoring matrix provided by the Defendant also shows that Ms. Weber assigned a higher rating (fours and fives) to a number of Forest Service employees, such as Michael Burnside, Norman Day, Paul Johnson, Richard Prausa, Bruce Ramsey and others even under the technical qualification criteria despite Plaintiff having superior educational qualifications, training and experience. Another rater, Roger Breeze, from another USDA agency had rated the Plaintiff first among all applicants as a part of the rating by the first panel for the vacancy. The agency simply averaged the two ratings (one first and the other last) without any reconciliation, and excluded the Plaintiff from being placed among the best qualified applicants. Therefore, Plaintiff requests that the Court order the Defendant to provide any and all correspondences, telephone logs, and e-mail messages among any and all of Defendant's officials who had seen or received a copy of the recommendation letter, including any discussion among agency officials with respect to Plaintiff's application for the Director's vacancy.

8. Plaintiff requested a copy of the document that has been cited by the Agency's EEO Counselor, Ms. Nilda Godwin (a Forest Service employee but not part of the Defendant's legal staff), in her final Report, dated February 18, 2004, on pages 5 and 10 (ROI, volume 1, tab 3), and where she stated that the candidates were rated on the scale of 1 to 5 (1 – being the lowest with no evidence or no experience or no narrative written for the criteria; and 5 – being the highest possible score for each criteria on the executive core qualification (ECQ) and technical qualification criteria). The Defendant responded that there is no such responsive document but has failed to provide (despite Plaintiff's repeated requests) any information on

why Ms. Godwin cited that rating scale in her Report. Plaintiff believes that it is impossible to assign a rating of one (1) for the three (3) ECQs, as the Forest Service rater, Ms. Weber, did based on plaintiff's educational background, work experience, narrative statement and other information documented in the application. Plaintiff requests that the Court order the Defendant to either provide this document on the rating scale cited by Ms. Godwin in her Report or provide a statement from Ms. Godwin, the EEO Counselor; regarding how and why such statement concerning the rating scale was included in her final Report of EEO Counseling. If this rating scale did not exist Ms. Godwin must also provide a statement why this false information was included in her Report.

9. Defendant failed to acknowledge and provide copies of specific rating of all applicants by each panel member with respect to the GS-15 Assistant Director's vacancy in the Defendant's agency for which Plaintiff had also applied. The ROI includes only an unsigned and undated copy of an evaluation allegedly prepared by panel members that placed the Plaintiff near the bottom of the list of all applicants for the GS- 15 vacancy even though the Plaintiff was already a GS- 15 at the time. The Defendant states that the Agency provided a dated and signed Evaluation of Candidates for the Supervisory Assistant Director position at issue in this case and which is included in the ROI, volume 2, tab 3. No such document exists and the Defendant's counsel was apprised of that fact during the January 29, 2007 meeting. Plaintiff requests the Court to order the Defendant to provide a signed and dated copy of such evaluation, including evaluation panel's rating of other GS 15 applicants who were eligible for noncompetitive placement, as

asserted by the Defendant, or in the alternative the Defendant be directed by the Court to acknowledge that an evaluation panel did not evaluate applicants for this position

10. Despite Plaintiff's timely requests, Defendant did not produce each and every document in the agency's possession relating to any formal or informal complaint based on national origin (Indian- born), race, color, and religion, against the USDA and any component thereof, with respect to employment discrimination, including promotion, where the agency was deemed to have discriminated against an Indian – born applicant on the basis of national origin, race, color and religion in any administrative and/or judicial proceedings, including any settlement agreements between the agency and the Indian – born applicant(s) where the dispute may have been resolved as a part of a negotiated settlement.  This information is crucial to substantiate that the Defendant has discriminated against similarly situated minority applicants based on race, national origin, and other factors.

11. Despite Plaintiff's requests,, Defendant did not produce each and every document in the USDA and its component thereof, which relates to or refers to the Plaintiff's complaint, including but not limited to any and all handwritten or typed notes, diaries, journals, logs, letters, e-mails, memoranda and other documents, regardless of when such documents were prepared.

12. Defendant has failed to provide each document in its possession that the Defendant believes refutes the allegations in the Plaintiff's complaint, including

his claim for damages, and indicate to which paragraph in the complaint the document relates to.

13. The Defendant has failed to provide a response to request for information whether Mr. Ken Johnson, Acting Director at the time of Minerals and Geology Management Staff, USFS, and Paul Johnson Staff Assistant at the time to Mr. Thompson, the Recommending Official, met on several occasions with Mr. Thompson to discuss Plaintiff's concerns about the rating for the Director's vacancy. Defendant at first chose not to contact either Mr. Ken Johnson or Mr. Paul Johnson with respect to the meetings, as requested in the interrogatory, and in stead relied on Mr. Thompson's recollection or lack thereof to state that no such meeting took place. After the January 29, 2007 meeting to discuss this and other issues, the Defendant now states that although Mr. Paul Johnson believes that the fact that plaintiff did not make SES Certificate was mentioned to Mr. Thompson he does not recall a meeting to discuss the issue. Plaintiff requests the Court to order the Defendant to provide any statement from Mr. Paul Johnson in its possession to substantiate its assertion. Further, the Defendant to date has not responded to Plaintiff's request whether Ken Johnson met Mr. Thompson to discuss the Plaintiff's rating. Mr. Ken Johnson repeatedly reiterated and assured the Plaintiff that he has met with Mr. Thompson on several occasions to discuss Plaintiff's concerns. As stated in the fax dated December 19, 2002, to the Defendant's Personnel Office, Mr. Ken Johnson subsequently directed the Plaintiff to send the fax to the Personnel Office. This information is crucial to establish the Recommending Official, Mr. Thompson, motives and intent with

respect to selection of his friend, Mr. Underwood, for the position. Mr. Thompson was instrumental in having a second panel established/reconstituted to evaluate Mr. Underwood's application for the vacancy when he became aware that Mr. Underwood's name was not included in the rating by the first panel. But he took no steps to address the concerns by a minority applicant (Plaintiff) that his application may have been subjected to a disparate and discriminatory rating process.

14. Based on the information provided to date by the Defendant, Plaintiff believes that Ms. Barbara Weber and Mr. Tom Thompson and others (unknown at this time) in the Defendant's agency subjected Plaintiff to disparate treatment, and discrimination based national origin, race, and color. Therefore, Plaintiff also requests that the Defendant provide any and all documents/information with respect to whether these two individuals have been the subject of any discrimination complaints in the past while employed by the Defendant's agencies.

15. The requested documents are relevant and necessary for the prosecution of the Plaintiff's allegations and the Plaintiff has no other means to obtain the information contained in these documents. The documents in question are relevant to the salient issues of Plaintiff's damages, and proof of the Defendant's discriminatory intent or pattern of discriminatory behavior.

WHEREFORE, the Plaintiff requests that the Court compel production of documents and/or information requested earlier from the Defendant, and extend the discovery period

to ensure enough time to complete deposition and other related matters as a part of discovery.

Respectfully submitted:

_____

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-9375
Fax (202) 296-9375

The Certificate of Service

I certify that a copy of the above has been served by mail on the office of the United States Attorney on this 26th Day of April, 2007.

_____
Sol Z. Rosen, Esq.