**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIJAI N. RAI                               ) | |
|        Plaintiff,                        ) | |
|        v.                                   ) | No. 06-0109 (RJL) |
| MIKE JOHANNS,                          ) | |
| Secretary of the United States      ) | |
| Department of Agriculture,         ) | |
|        Defendant.                      ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's motion is simply disingenuous. Notably, although plaintiff asserts that he requested certain information, yet received incomplete responses, he fails to provide this Court with the actual language of the request and response. To counter this blatant and misleading omission, and to allow this Court a meaningful opportunity to consider and address the issues, this opposition provides the Court with such language. As set forth below, plaintiff's motion to compel is without merit and should be denied.

**PROCEDURAL HISTORY**

Plaintiff filed this action on January 21, 2006 alleging that he was discriminated against on the basis of his national origin (Indian), color (brown) and race (Asian) when he was not selected for two positions with the United States Forest Service, a component of the Department of Agriculture. Specifically, plaintiff alleges that he was discriminated against when he did not make the best qualified list for the Director, Minerals and Geology Management Staff, a SES position. Additionally, plaintiff alleges he was discriminated against when he was not selected for the Assistant Director of Minerals and Geology Management Staff, a GS-15 position.

On May 22, plaintiff served his First Request for Production of Documents and on June 13, 2006, plaintiff served his First Set of Interrogatories. By agreement, defendant responded to plaintiff's discovery requests on July 12, 2006. See Exhibit 1. Defendant served his first set of interrogatories and document requests on August 10, 2006 and plaintiff responded on September 5, 2006, but produced no documents. On August 20, 2006, plaintiff served on defendant an eleven page document captioned "Plaintiff's Consolidated Responses and Objections to Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents." See Exhibit 2. Although not captioned as such, this document also included at page ten plaintiff's second request for production of documents and interrogatories. Plaintiff served defendant with a document captioned "Plaintiff's Consolidated Responses and Objections to Defendant's First Set of Interrogatories and Request for Production of Documents and Plaintiff's Third Request for Production of Documents on September 5, 2006. See Exhibit 3. Defendant responded to plaintiff's second request for production of documents and interrogatories on October 23, 2006. See Exhibit 4. On that same day, defendant wrote to plaintiff responding to plaintiff's objections to defendant's responses to plaintiff's discovery requests. See Exhibit 5. Defendant also wrote to plaintiff on April 4, 2007 and supplemented its discovery responses, after consultation with plaintiff regarding his objections to defendant's discovery responses. See Exhibit 6. Because counsel for defendant did not notice that plaintiff's September 5, 2006 document also contained a request for production of documents, a timely response was not made to that document. However, defendant responded to those document requests on May 8, 2007. See Exhibit 7.

# ARGUMENT

As explained below, defendant has responded completely and fully to each of the interrogatories and document requests about which plaintiff complains.

**A.     Defendant has Fully, Completely and Accurately Responded to Document Request 6**

The first discovery request about which plaintiff complains relates to plaintiff's document request 6.  <u>See</u> Pltf's Motion to Compel ¶ 6.  Plaintiff's document request number 6 requested:

> Copies of any and all correspondence among the USDA, USFS and the U.S. Office of Personnel management between February 10, 2003 and July 30, 2003 with respect to Mr. Marvin Underwood's selection into the Senior Executive Service.

Defendant initially responded that "the Agency has no documents in response to this request."  After further review, however, the Agency discovered that it did in fact possess some responsive documents.  Accordingly, on April 4, 2007, defendant produced Mr. Underwood's application for the SES position, as well as n screen-shot of the electronic transmission between the Department of Agriculture and the Office of Personnel Management, which was stamped "APPROVED" and signed by Mr. Stevie L. Miller on July 11, 2003.  Defendant further advised plaintiff on April 4 that it is aware of no other responsive documents.  Plaintiff's motion to compel speculates that there must be additional information responsive to plaintiff's request.  Quite simply, defendant is aware of no other responsive information for this request and has now produced all available information.

B.  **Defendant has Fully, Completely and Accurately Responded to Interrogatory 8 and Document Request 7**

Plaintiff's motion next complains about defendant's response to interrogatory 8 and document request 7, both of which relate to a letter of recommendation for plaintiff that was placed in plaintiff's application package. See Pltf's Motion ¶ 7. Interrogatory 8 specifically stated:

> State whether Mark Rey, Under Secretary, Natural Resources and Environment, USDA, or his staff forwarded/provided a copy of the letter of recommendation, dated September 3, 2002, written in support of the plaintiff's application for the Director's position by two high-level Department of Interior officials to anyone in the USFS, or did he or his staff discuss it with anyone in the USFS? If yes, with whom, when?

Similarly, document request 7 stated

> Provide the names and dates of all USFS offices/individuals that received a copy of a letter of recommendation, dated September 2, 2002, that was sent to Mark Rey, Under Secretary, Natural Resources and Environment, USDA by 2 Department of Interior Officials including e-mails, telephone conversations or contacts related to this letter.[1]

Defendant's response to interrogatory 8 stated: "The Agency objects to this interrogatory as vague and irrelevant. The recommendation letter was forwarded to the Forest Service and included in Plaintiff's application. There is no documentation of who if anyone forwarded this recommendation to the Forest Service other than what is provided in the Report of Investigation. The Agency has no other information about who discussed or was provided this recommendation

---

[1] Notably, plaintiff's document request seeking a list of names and dates is not a proper document request pursuant to Federal Rule of Civil Procedure 34(a), which permits a party to request copies of "designated documents or electronically stored information," and not to request that the responding party create new documents. See Fed. R. Civ. P. 34(a).

letter." Defendant's response to document request 7 stated: "The Agency has no documents in response to this request."

Plaintiff objected to these responses, and asserted that he is entitled to additional information. Upon plaintiff's objection, counsel for defendant conferred with Agency counsel, who contacted the appropriate people in the Under Secretary's office. Amanda Lockwood, who is currently the third Executive Assistant to the Under Secretary for Natural Resources and Environment, and has been working for the office since 2002, has no recollection of this document. She also reports that the office does not have a tracking system in place for documents that have been faxed to the office, nor does the office document applications packets. There is no record of receiving a faxed letter of recommendation for Vijai Rai; there is no record of an application packet for Vijai Rai; and there is no way to know who screened the document in question. In sum, defendant has acknowledged that someone from Mr. Rey's office did in fact place the letter of recommendation in plaintiff's application package, and that the letter was considered as part of the application package, facts that plaintiff does not dispute.

Notwithstanding this, plaintiff asserts that "It is inconceivable that Mr. Rey or his office simply placed the letter into Plaintiff's application package without going through the Agency officials involved in the selection process." Pltf's Motion ¶ 7. Plaintiff's complaint is not well founded. There is no dispute that plaintiff's letter was made part of the application package and that plaintiff's letter of recommendation was considered as part of his application package. How the letter got in the package, or who the specific person who put the letter there is not relevant to the issue of whether or not plaintiff's non-inclusion on the best qualified list was discriminatory,

particularly in light of the fact that there are no records of how the letter was placed into the application package.

**C.   Defendant has Fully, Completely and Accurately Responded to Interrogatory 2 of Plaintiff's Second Request for Production of Documents and Interrogatories**

Plaintiff's next complaint relates to request 2 from plaintiff's second request for production of documents and interrogatories.  See Pltf's Motion ¶ 8.  Plaintiff's request 2 stated:

> Provide a copy of the USDA/USFS document that was the basis of the statement in the first paragraph on page 5 of the Final Report of Counseling by the Agency EEO Counselor, Ms. Nilda Godwin, dated February 18, 2004.  That paragraph states, Candidates were rated on the scale of 1 to 5 (1 – being the lowest with no evidence, no experience, or no narrative written for the criteria; and 5 – being the highest possible score for which criteria on the executive score qualification (ECQ) and technical qualification criteria.

In response to a prior request, and because defendant had previously provided plaintiff with documents that were responsive to this request, defendant responded, "Subject to and without waiver of defendant's General Objections, defendant responds that there are no such responsive documents, other than declarations and affidavits of panel members contained in the Report of Investigation."

When plaintiff raised an objection to this response, however, defendant again searched for responsive documents and, again, produced to plaintiff the materials issued to each panel member, including the rating and ranking sheets instructing the panel members of the rating standards and appropriate numerical scores.  These were all of the documents in defendant's possession, custody or control responsive to plaintiff's request.

Plaintiff now objects to defendant's response because defendant "has failed to provide (despite Plaintiff's repeated request) any information on why Ms. Godwin cited the rating scale in her report," and because plaintiff "believes" he deserved a higher rating.  Pltf's Motion ¶ 8.

Plaintiff's motion, in stark contrast to his request, which sought a copy of *documents*, now seeks for the defendant to provide an explanation, rather than a document. Plaintiff's complaints regarding defendant's response are entirely without merit for several reasons. First, as explained to plaintiff in defendant's October 23, 2006 letter, "As evidenced by the Counselor's Report itself, he developed that information from interviews with Agency Officials, Executive Resources Board Coordinator and ERB members who served on the Board, not from a specific document." See Oct. 23, 2006 Letter. Second, defendant has produced to plaintiff the rating standard sheet provided to each of the panel members, and used by those panel member to evaluate the applications involved in the selection. Plaintiff's complaint about this response is even more disconcerting because at the January 29, 2007 meeting between counsel for defendant, counsel for plaintiff, and plaintiff himself, counsel for defendant explained all of the afore-mentioned things to plaintiff and his counsel and both agreed that this was an issue that was resolved. In sum, plaintiff's objection to defendant's response to the document request is entirely without merit; defendant has produced the documents used by the panel members to evaluate the applications.

**D.    Defendant has Fully, Completely and Accurately Responded to Interrogatory 12**

Plaintiff next complains about defendant's response to his interrogatory 12, which asks:

State why the USFS provided an unassigned and undated evaluation of candidates by the rating panel for the Assistant Director (a GS-15 position) in the Minerals and Geology Program that indicated that the plaintiff was near the bottom of the applicant pool in spite of his credentials specified in number 7 above and despite the fact that he was already a GS-15 at the time? Does the agency prepare unsigned and undated and only subjective evaluation (no quantified ranking) for filling vacancies?

Defendant responded,

7

> The Agency objects to this interrogatory as vague. The Agency has provided a dated and signed Evaluation of Candidates for the Supervisory Assistant Director position at issue in this case in the Report of Investigation, volume 2, tab 3. The evaluation has a signature and date from the personnel representative. The evaluation is also a quantified ranking, rather than a subjective evaluation, as the selectee has been ranked according to the five evaluation criteria. Furthermore, the other candidates were also GS-15 candidates with qualified experience for the position as indicated in the remarks next to their scores for each candidate. Also, see Report of Investigation, volume 2, tab 4, for the justification of the selectee and evaluation of the candidates' strengths and weaknesses. This justification was also signed by Tom L. Thompson, Deputy Chief, Forest Service, and Dale N. Bosworth, Chief, Forest Service.

The document contained at Volume 2, Tab 3 of the ROI, to which defendant directed plaintiff, is the Evaluation of Candidates form signed by the Personnel Representative involved in the process on December 31, 2002. As is clear from the face of the document, plaintiff was in fact evaluated and included on this form. The other tab to which defendant directed plaintiff is contained at Volume 2, Tab 4 of the ROI. This document, which was produced by the evaluation panel and contained their written evaluations of the candidates, is titled "Panel Evaluation of Candidates for the Assistant Director in the Minerals and Geology Program." This document explained the panel's process for evaluating each applicant, including plaintiff, and included the panel's collective impressions of each of the candidates, including plaintiff. Although defendant's interrogatory response indicated that the "Panel Evaluation of Candidates for the Assistant Director in the Minerals and Geology Program" was signed by the Deputy Chief and Chief of the Forest Service, that statement was erroneous; the actual document containing their signatures was a justification memo and not the actual "Panel Evaluation of Candidates for the Assistant Director in the Minerals and Geology Program." To the extent that plaintiff requests documents that do not exist, defendant cannot produce non-existent documents. Moreover, plaintiff's suggestion that the Court direct defendant to "acknowledge that an

evaluation panel did not evaluate applicants for this position" is ludicrous; all contemporaneous evidence and sworn testimony to date evidences one undisputed fact – plaintiff's application was considered and ranked, albeit ranked lower than plaintiff would have personally preferred. Because defendant has produced to plaintiff the documents and information he sought through interrogatory 12, plaintiff's claim on that issue is without merit and should be denied.

E.   **Defendant has Fully, Completely and Accurately Responded to Document Request 2 from Plaintiff's Third Request for Production of Documents**

As explained above, on September 5, 2006, plaintiff served his third request for the production of documents as part of a larger document captioned "Plaintiff's Consolidated Responses and Objections to Defendant's First Set of Interrogatories and Request for Production of Documents, and Plaintiff's Third Request for the Production of Documents." Although this larger document contained three additional requests for the production of documents, undersigned counsel failed to notice these requests. As of the filing of this opposition, however, defendant has responded to the requests, including the request at issue in this section.

Request 2 of plaintiff's third request for the production of document seeks:

> Produce each and every document in the agency's possession relating to any formal or informal claim, charge or complaint based upon national origin (Indian-born) against the Department of Agriculture and any component thereof, with respect to employment discrimination, including promotion, where the agency was deemed to have discriminated against an Indian-born applicant based on national origin in any administrative or judicial proceeding, including settlement agreements between the agency and the Indian-born applicant where dispute was resolved as part of a negotiated settlement.

On May 8, 2005, defendant responded to this request. Defendant's response was an objection based upon the overbroad, harassing and unduly burdensome nature of this request. Defendant also objected based upon the fact that the request was not limited to any specific period in time

and is not likely to lead to the discovery of admissible evidence. As explained in defendant's response, which was supported with the Declaration of Sadhna F. True, a complainant being Indian-born is not a category that is maintained in defendant's computerized complaint tracking system. See Exhibit 7 (Declaration of Sadhna G. True attached to Defendant's Response to Plaintiff's Third Request for Production of Documents). Instead, complaints on the basis of a complainant being Indian-born are categorized as "other" in defendant's electronic database and a database query indicated that there are currently 425 active formal and informal cases, and more than 1000 older cases, where the reason for the alleged discrimination is "other." Thus, to determine if any of these complaints are based upon an allegation of complainant being Indian-born, the Agency would be required to review more than 1425 case files, located in many different places, manually. Defendant is unable to undertake such a review without negatively impacting the other work of the civil rights staff, including the processing of other complaints of discrimination. Thus, this request is unduly burdensome for the agency. Although defendant objected to plaintiff's third request 2, defendant also offered to work with plaintiff on any narrowed version of this request. Because defendant's objection to third request 2 is well supported and well founded, defendant has responded to this request in accordance with the Federal Rules and plaintiff's motion should be denied.

**F.     Defendant has Fully, Completely and Accurately Responded to Document Request 3 from Plaintiff's Third Request for Production of Documents**

Plaintiff's paragraph 11 complains about third document request 3. As explained above, this request was included in a larger omnibus document plaintiff served on September 5, 2006. Request 3 states:

>Produce each and every document prepared by the Department of Agriculture and any component thereof, which relates or refers to the plaintiff's complaint, including but not limited to any and all handwritten or typed notes, diaries, journals, logs, letters, memoranda and other documents, regardless of when such documents were prepared.

On May 8, 2007, defendant responded to this duplicative request in full. Defendant's response stated "defendant responds that it has produced all such documents in response to plaintiff's other document requests." Thus, because defendant has previously produced all such documents pursuant to plaintiff's other request, defendant has responded to plaintiff's third request number 3 in full and plaintiff's motion should be denied.

**G.    Defendant has Fully, Completely and Accurately Responded to Document Request 4 from Plaintiff's Third Request for Production of Documents**

As with the two prior issues, plaintiff also complains about request 4 from plaintiff's third request for production of documents. This request states:

>Produce each and every document that the Department of Agriculture and any component thereof, that the defendant believes refutes plaintiff's allegations of discrimination contained in this Complaint, including his claim for damages, and indicate to which paragraph in the Complaint the document relates.

On May 8, 2007, defendant responded completely and accurately to this request, objecting on the basis that the request is harassing and duplicative of prior requests, and directed plaintiff to the documents produced by defendant in response to plaintiff's other document requests. Because defendant has responded to plaintiff's third request number 4, plaintiff's motion should be denied.

**H.    Defendant has Fully, Completely and Accurately Responded to Interrogatory 3**

Plaintiff's complaint about defendant's response to interrogatory 3 is entirely without merit and, in fact, is patently frivolous. Plaintiff's Interrogatory 3 states:

11

> State whether Mr. Ken Johnson, then acting Director, MGM Staff, now retired, and Mr. Paul Johnson, at the time a Staff Assistant to Mr. Tom Thompson, Deputy Chief, NFS,USFS and currently on the MGM staff, met on several occasions with Mr. Thompson during November-December 2002, to discuss and apprise him of plaintiff's concerns about the rating process and the rating of his application for the Director's position by the rating panel? If yes, what action, if any, Mr. Thompson directed his staff to take to address concerns raised by the plaintiff?

On July 12, 2006, defendant responded to this interrogatory by stating:

> Mr. Thompson does not recall any meetings with Mr. Ken Johnson or Mr. Paul Johns regarding Plaintiff's concerns about the rating process and the rating of his application for the Director's position by the rating panel. Mr. Thompson did not direct his staff to address concerns by the Plaintiff. Furthermore, Paul Johnson was also an applicant for the position, and therefore any meetings regarding this position with him would not have occurred. Mr. Thompson had no control over the rating process regarding any of the applicants, and therefore would not hold meetings regarding the rating process.

On April 4, 2007, after conferring with plaintiff and again checking on plaintiff's concerns regarding defendant's response to this interrogatory, defendant supplemented its answer as follows: "Although Mr. Paul Johnson believes that the fact that plaintiff did not make SES Certificate was mentioned to Mr. Thompson, he does not recall a meeting to discuss the issue. Other than mentioning the issue, Mr. Paul Johnson had no further discussions with Mr. Thompson on the issue. As stated in defendant's discovery responses, Mr. Thompson does not recall ever having a meeting on the issue."

Plaintiff's motion asserts that "the defendant has failed to provide a response" to the aforementioned request. As indicated above, that assertion is false. Plaintiff's motion also asserts that defendant's responses are inadequate and requests that the Court order defendant to produce any statement from Mr. Paul Johnson in its possession to substantiate this assertion. Defendant is aware of no such statement. To the extent that plaintiff wants additional

information, he is entitled to depose any of the aforementioned individuals for additional information.  Defendant, however, has fully and completely responded to plaintiff's interrogatory and plaintiff's motion should be denied.

I.      **Plaintiff Never Requested from the Agency Documents Relating to Whether or not Ms. Weber or Mr. Thompson have been the Subject of Complaints of Discrimination**

Plaintiff's motion to compel requests, for the first time, that defendant "provide any and all documents/information with respect to whether [Ms. Weber or Mr. Thompson] have ever been the subject of any complaints of discrimination in the past while employed by the defendant's agencies."  The problem with plaintiff's motion is that plaintiff has *never* requested that defendant produce such information.  Accordingly, this issue is not proper for a motion to compel and plaintiff's motion should be denied on this issue.

## CONCLUSION

For the reasons set forth herein, defendant respectfully requests that the Court deny plaintiff's motion to compel.

May 9, 2007                                        Respectfully submitted,


      /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


      /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


      /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)