## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VIJAI N. RAI | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.06-0109 (RJL) |
| | ) | |
| MIKE JOHANNS, | ) | |
| Secretary of the United States | ) | |
| Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S CONSOLIDATED RESPONSES AND OBJECTION TO PLAINTIFF'S FIRST INTERROGATORIES AND DOCUMENT REQUESTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 and 30.4, defendant Mike Johanns, Secretary of the Department of Agriculture, hereby responds and objects to plaintiff's First Requests for Production of Documents and First Set of Interrogatories as follows:

### GENERAL OBJECTIONS AND DEFINITIONS

1. Defendant objects to these Requests to the extent that they seek material which is subject to the attorney-client privilege, material which was prepared in anticipation of litigation or which otherwise constitutes work product material, or information which is protected by any other applicable governmental privilege. To the extent that there may be any inadvertent production by defendant of any document protected by the privileges enumerated above, such production is without prejudice to any claim that such document is privileged in any respect and

protected by discovery, and such inadvertent production shall not be deemed to have waived any of defendant's rights.

2. Defendant objects to these Requests to the extent they seek information or documents that are private and/or confidential and are not otherwise protected by any protective order issued to date.

3. Defendant objects to these Requests to the extent that they are unreasonably cumulative or duplicative, overly broad, unduly burdensome, oppressive, vague, ambiguous, expensive, lacking in reasonable particularity, or unspecified as to time or place.

4. Defendant objects to these Requests to the extent they are not limited in time.

5. Defendant objects to these Requests to the extent they seek information and/or documents that are not relevant to a claim or defense of a party to this action or are not calculated to lead to the discovery of admissible evidence in this action.

6. Defendant objects to these Requests to the extent they seek material that is in plaintiff's possession and thus is equally available to plaintiff on the ground that such requests are oppressive and unduly burdensome.

7. Defendant objects to these Requests to the extent that they purport to expand upon or modify defendant's obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Civil Rules.

8. Defendant reserves its right under Federal Rule of Civil Procedure 26(e) to supplement its responses, if necessary.

9. Defendant offers to confer in good faith to resolve any disputes regarding these responses.

## SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Subject to and without waiver of the foregoing general objections, which are incorporated into each and every specific response, defendant responds to plaintiff's interrogatories as follows:

**INTERROGATORY NO. 1**:  State what steps, if any, did Ms. Barbara Holland, Human Resources (HR) Office, USDA and Mr. Joseph Colantuoni, Deputy Director, HR Office, USDA initiate or undertake to address concerns raised by the plaintiff during several telephone conversations, and follow up e-mail messages, dated November 15, 2002 and November 18, 2002, respectively with respect to the rating of his application for the position of Director, Minerals and Geology Management (MGM) Staff (FS-SES-18-NFS-2002A) by the rating panel?

**RESPONSE**: Ms. Holland does not recall any telephone conversations with Plaintiff or e-mail messages from Plaintiff.  Ms. Holland does not have documentation of e-mails from 2002. Ms. Holland stated that she wouldn't have normally initiated any action if Complainant had called regarding his scores or evaluation, and she normally would explain the panel process to him by phone, and give him a copy of the ratings if he wanted them. Mr. Colantuoni is retired. The Agency is still searching for his contact information, and will supplement this response if his contact information is found.

**INTERROGATORY NO. 2**:  State what steps, if any, the USDA HR Office initiate or undertake to address concerns raised by the plaintiff in a fax, dated December 19, 2002, to Ms. Valerie Thorn, UR, USDA, that he sent at the request of Mr. Ken Johnson, then Acting Director, MGM Staff USFS, with respect to the rating of his application for the Director' position by the rating panel?

3

**RESPONSE**: Ms. Barbara Holland has no documentation of a fax sent to Ms. Valerie Thorn. See response to Interrogatory No. 1, Ms. Holland would not have initiated any action from the Human Resources Office if Plaintiff had concerns about the rating of his application by panel members. Ms. Valerie Thorn was Mr. Joseph Colantuoni's secretary at the time, and so this fax would have been sent for him. Mr. Colantuoni is retired, and the Agency is still searching for his contact information. The Agency will supplement this response if his contact information is found.

**INTERROGATORY NO. 3**: State whether Mr. Ken Johnson, then acting Director, MGM Staff, now retired, and Mr. Paul Johnson, at the time a Staff Assistant to Mr. Tom Thompson, Deputy Chief, NFS,USFS and currently on the MGM staff, met on several occasions with Mr. Thompson during November-December 2002, to discuss and apprise him of plaintiff's concerns about the rating process and the rating of his application for the Director's position by the rating panel? If yes, what action, if any, Mr. Thompson directed his staff to take to address concerns raised by the plaintiff?

**RESPONSE**: Mr. Thompson does not recall any meetings with Mr. Ken Johnson or Mr. Paul Johns regarding Plaintiff's concerns about the rating process and the rating of his application for the Director's position by the rating panel. Mr. Thompson did not direct his staff to address concerns by the Plaintiff. Furthermore, Paul Johnson was also an applicant for the position, and therefore any meetings regarding this position with him would not have occurred. Mr. Thompson had no control over the rating process regarding any of the applicants, and therefore would not hold meetings regarding the rating process.

4

**INTERROGATORY NO. 4**: State, under the USDA's merit promotion principles, procedures and guidelines how does the agency reconcile differences in the rating of applications by panel members under each of the executive core qualification (ECQs) in an application?

**RESPONSE**: Ms. Barbara Holland states that if there are differences in ratings between panel members for a candidate, for example a 0 and a 5 for one criteria, those differences are discussed amongst the panel members. Sometimes panel members will change their ratings, but sometimes they won't. Human Resources can't force them to change their rating. They are discussed, but ultimately the decision is the individual panel member's.

**INTERROGATORY NO. 5**: State whether under the agency's merit promotion principles, procedures and guidelines, the agency can average ratings from different panel members under each of ECQs that differed by as much as 60%, as in the case of the plaintiff's application, to arrive at an average rating for ranking purpose? If not, describe why the ERB panel averaged the plaintiff's ratings that differed by as much as 60% among different raters, to arrive at the average rate, and why the agency took no action to correct it during the subsequent evaluation by the second panel even though plaintiff had requested repeatedly a review and a reconsideration of the rating by certain panel members?

**RESPONSE**: Ms. Barbara Holland states that the ratings of each panel member are not averaged. Each panel members rates each applicant in each of the elements. A total is calculated for each panel member. All the panel members' total scores for each candidate is totaled for a composite score for each candidate. The composite score determines the ranking of each candidate and the candidates who are placed on the best qualified list.

**INTERROGATORY NO. 6**:  State whether under the agency's merit promotion principles, procedures, and guidelines provided to each panel members to rate applications solely based on specific criteria listed in its rating/crediting plan or whether a panel member can use his/her personal rating system as Ms. Barbara Weber, a USFS employment the time and the rating panel chairman, stated in her response provided in an e-mail to the EEO Investigator?

**RESPONSE**:  Ms. Barbara Weber did not used a "personal rating system" as characterized in this interrogatory.  Ms. Weber used the rating/crediting plan guidelines to rate the applicants, however she also used her own personal judgment in rating the applicants as well.  Ms. Barbara Holland also confirms that all panel members used the rating/crediting plan to evaluate candidates.

**INTERROGATORY NO. 7**.  State how Ms. Barbara Weber assigned a rating of 1 for ECQs 2,4, and 5, a rating of 2 for ECQ 3, and a rating of 3 for technical qualification #1 in view of the fact that the plaintiff had a Ph.D and two Master of science degrees in geology; had spent his entire 30-year professional career either teaching geology and mineral resources at several universities in the United States; or worked for industry and State; including with the Department of the Interior for more than 20 years on highly complex, controversial and sensitive mineral resources, geologic, and environmental issues involving public lands - the last 15 years as a senior staff in the Office of the Secretary of Interior?

**RESPONSE**: See the Report of Investigation, volume 1, tab 10 for Ms. Weber's detailed explanation for why she rated Plaintiff as she did.  In short, Ms. Weber did not find evidence in Plaintiff's application of experience in interpersonal skills and management that is necessary for a Senior Executive Service Position.

6

**INTERROGATORY NO. 8**:  State whether Mark Rey, under Secretary, Natural Resources and Environment, USDA, or his staff forwarded/provided a copy of the letter of recommendation, dated September 3, 2002, written in support of the plaintiff's application for the Director's position by two high-level Department of Interior officials to anyone in the USFS, or did he or his staff discuss it with anyone in the USFS?  If yes, with whom, when?

**RESPONSE**: The Agency objects to this interrogatory as vague and irrelevant.  The recommendation letter was forwarded to the Forest Service and included in Plaintiff's application.  There is no documentation of who if anyone forwarded this recommendation to the Forest Service other than what is provided in the Report of Investigation.  The Agency has no other information about who discussed or was provided this recommendation letter.

**INTERROGATORY NO. 9**. State how Mr. Thompson became aware that Mr. Marvin (Skip) Underwood's application fo the Director's position had not been rated by the first panel, including what steps he initiated or undertook to constitute a second rating panel to ensure that Mr. Underwoods's application was rated by the panel?

**RESPONSE**: The Agency objects to this Interrogatory because Mr. Thompson did not initiate or undertake any steps to create a second rating panel to ensure that Mr. Underwood's application was rated.  Before the job was advertised, Mr. Thompson had done outreach to a number of people including Mr. Underwood.  The Regional Forester for the Rocky Mountain Region, Rick Pables, assured him that Mr. Underwood was applying for the job.  However, Mr. Underwood's name was not on the First Certificate of Best Qualified Applicants. Mr. Thompson expected to see Mr. Underwood's name on the list because he thought Mr. Underwood was extremely well-qualified for the position.  He made one phone call to Forest Service Personnel,

7

and asked if Mr. Underwood did not apply.  Mr. Thompson does not remember the date of this phone call. The response was that he had not applied.  About two weeks later, he got a call from personnel (doesn't remember who) saying personnel found Mr. Underwood's application and it was mis-filed, and they found another application. Personnel told him to return the applicant files, and personnel took the steps to make the second panel.

**INTERROGATORY NO. 10**:  State what steps, if any, Mr. Thompson took or initiated after he was apprised of the plaintiff's concerns about the rating of his application and the rating process by his staff to ensure that the rating of the plaintiff's application by certain panel members were reevaluated/reconsidered as a part of the second panel?

**RESPONSE**: The Agency objects to this interrogatory because Mr. Thompson was never appraised on plaintiff's concerns about the rating of his application and the rating process by his staff to ensure that the rating of the plaintiff's application by certain panel members were reevaluated/reconsidered as part of the second panel.  Mr. Thompson does not have any influence over the rating process, and it would be inappropriate for him to have any discussions with panel members about any applicants for any selection.

**INTERROGATORY NO. 11**:  State whether a Deputy Chief USFS, Dr. Tom Mills had issued a memorandum that identified lack of minority in senior positions in the USFS.  Did the USFS consider carefully any minority applicant(s) higher then Mr. Underwood, the selectee?

**RESPONSE**: Mr. Tom Mills has retired from the Agency.  Mr. Hank Kashden, currently in Mr. Tom Mills position, searched all of the old files, and has not identified any memoranda that identified lack of minority in senior positions at the Agency.  The Agency is still searching for documents, and will supplement this request if any memoranda is found.  The Agency

8

considered all applicants seriously regardless of race, national origin, sex, or religion. Specifically, Mr. Bruce Ramsey (Native American) was the second choice candidate for the Director position at issue in this case.

**INTERROGATORY NO. 12**: State why the USFS provided an unassigned and undated evaluation of candidates by the rating panel for the Assistant Director (a GS-15 position) in the Minerals and Geology Program that indicated that the plaintiff was near the bottom of the applicant pool in spite of his credentials specified in number 7 above and despite the fact that he was already a GS-15 at the time? Does the agency prepare unsigned and undated and only subjective evaluation (no quantified ranking) for filling vacancies?

**RESPONSE**: The Agency objects to this interrogatory as vague. The Agency has provided a dated and signed Evaluation of Candidates for the Supervisory Assistant Director position at issue in this case in the Report of Investigation, volume 2, tab 3. The evaluation has a signature and date from the personnel representative. The evaluation is also a quantified ranking, rather than a subjective evaluation, as the selectee has been ranked according five evaluation criteria. Furthermore, the other candidates were also GS-15 candidates with qualified experience for the position as indicated in the remarks next to their scores for each candidate. Also, see Report of Investigation, volume 2, tab 4, for the justification of the selectee and evaluation of the candidates' strengths and weaknesses. This justification was also signed by Tom L. Thompson, Deputy Chief, Forest Service, and Dale N. Bosworth, Chief, Forest Service.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S DOCUMENT REQUESTS

Subject to and without waiver of the foregoing general objections, which are incorporated into each and every specific response, defendant responds to plaintiff's requests as follows:

**DOCUMENT REQUEST NO. 1**:  A roster of all applicants for the Director's position (FS18-NFS-S-2002A) by race, national origin, color, and sex.

**RESPONSE**: The Agency has no documents in response to this request.

**DOCUMENT REQUEST NO. 2**:  List of the selections made for positions at the GS-14 level and above by Mr. Thomas I. Thompson, deputy Chief, National Forest System between the period August 1, 2001 and July 30, 2003 or during his tenure as Deputy Chief if for a shorter period of time. By name, position, title, occupational series. Grade and date of selection, annotated by race, sex, and national origin.

**RESPONSE**: See Attachment 2, all human resource actions taken during between August 1, 2001 and July 30, 2003.

**DOCUMENT REQUEST NO. 3**:  Provide a copy of the specific rating of the plaintiff's application by each panel member for the GS-15 position of Assistant Director of Mineral and geology programs, USFS.  If no specific rating was assigned because the plaintiff was eligible for noncompetitive placement, proved documents/evaluations that were the basis for the placement of the plaintiff near the bottom of eligible applicants in the unsigned and undated statement of Panel Evaluation Candidates for the Assistant Director.  Minerals and Geology Staff.

**RESPONSE**: The Agency has no additional documents in response to this document request. Please see the Report Of Investigation, Volume 2, at Tab 3 and 4 for all documents available on the evaluation of the applicants for this position.

**DOCUMENT REQUEST NO. 4**:  A copy of the rating panel's rating and ranking of other GS-15 applicants who were eligible for noncompetitive placement including a copy of his/her application.

**RESPONSE**: See Report of Investigation, Volume 2, at Tabs 3 and 4 for all documents available on the evaluation of the applicants for this position.

**DOCUMENT REQUEST NO. 5**: Relevant sections of Hiring and Promotion policies and Procedures of the USDA/USFS for Senior Executive and GS personnel as of July 30, 2003.

**RESPONSE**: See Attachment 3, Hiring and Promotion Policies for GS personnel as of July 30, 2003.  See Attachment 4, sections of OPM guidance on hiring and promotion policies used by the USDA as of July 30, 2003.  Please note that even though this is a draft document, this guidance was used for all SES hiring and promotion at USDA at that time.

**DOCUMENT REQUEST NO. 6**:  Copies of any and all correspondence among the USDA, USFS and the U.S. Office of Personnel management between February 10, 2003 and July 30, 2003 with respect to Mr. Marvin Underwood's selection into the Senior Executive Service.

**RESPONSE**: The Agency objects to this request as overly broad.  Notwithstanding this objection, the Agency has no documents in response to this request.

**DOCUMENT REQUEST NO. 7**: Provide the names and dates of all USFS offices/individuals that received a copy of a letter of recommendation, dated September 2, 2002, that was sent to Mark Rey, Under Secretary, Natural Resources and Environment, USDA by 2

11

Department of Interior Officials including e-mails. Telephone conversations or contacts related to this letter.

**RESPONSE**: The Agency has no documents in response to this request.

**DOCUMENT REQUEST NO. 8**: Provide a copy of any and all documents and information including rating plan/crediting plant that were provided to each panel member for the staff Director's vacancy(FS-18-NFS-2002A) as a part of their Executive Resource Board (ERB) package, including any and all instructions to ERB panel members on how to assign specific ratings between one and five.

**RESPONSE**: See Report of Investigation, Volume 1, Exhibit 22. The Agency has no other documents responsive to this request.

**DOCUMENT REQUEST NO. 9**: Provide specific ratings/rankings/working papers with respect to the applications for Directors position(FS-18-NFS-2002A) that was assigned by each ERB panel member as a part of the first panel for the subject vacancy; copy of all applications how each panel member rated each application, and a copy of any USDA/USFS guidance/ instructions requiring the ratings to be reconciled if they differ significantly.

**RESPONSE**: See Attachment 5.

**DOCUMENT REQUEST NO. 10**: Specific ratings/rankings/working papers with respect to the applications for the Director's position that were assigned by each EBB panel member as a part of the subsequent(second) panels for the Director's vacancy, including how each panel member rated each application and a copy of the applications that were not rated by the first panel.

**RESPONSE**: See Attachment 6.

**DOCUMENT REQUEST NO. 11**: Copies of e-mail correspondence from the plaintiff to Ms. Barbara Holland, USFS HR Office, dates November 15, 2002 and Mr. Joseph Colantuoni Deputy Director HR, USDA dated November 18, 2002, and a memo, dated December 19, 2002, faxed to Ms. Valerie Thorn, in connection with the rating process for the disputed Director's position including any and all correspondence with the rating process for the disputed Director's position, including any and all correspondence, e-mails, messages or other records between USFS and USDA officials in connection with the plaintiff's concerns about the rating process expressed inn these documents.

**RESPONSE**: The agency objects to this document request as overly broad. Notwithstanding this objection, the Agency has no documents in response to this request. Barbara Holland has no documents in response to this request. Mr. Joseph Colantuoni is now retired. The Agency is still searching for his contact information and will supplement this request if it is found. The Agency is still searching for a memo dated December 19, 2002 to Ms. Valerie Thorn, Mr. Colantuoni's secretary. The Agency will supplement this request if documents are found.

July 12, 2006

For Objections,

KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

On July 12, 2006, a true and correct copy of the foregoing was served by first class mail,

potage prepaid on:

Sol Rosen, Esq.
2501 Calvert Street, NW
Suite 212
Washington, DC 20008

John F. Henault
Assistant United States Attorney

14