United States District Court
For the District of Columbia

Vijai Rai

V.                                      Civil Action No. 06-0109 (RJL)

Mike Johanns,
Secretary,
Department of Agriculture

To: Mike Johanns

C/O John F. Henault, Esq.

**Plaintiff's Consolidated Responses and Objections to Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents**

**General Objection**

1. Plaintiff objects to Defendant's general non-responsiveness or refusal to provide documents requested as a part of the Plaintiff's requests for production of documents.

2. Plaintiff objects to Defendant's general denial, lack of recollection, and/or non-responsiveness in its responses to Plaintiff's interrogatories as enumerated below.

3. Plaintiff reserves its rights under Federal Rule of Civil Procedures to supplement its response, if necessary, and to make additional request for production of documents or additional interrogatories.

4. Plaintiff offers to confer in good faith to resolve any disputes regarding his request for production of documents and interrogatories.

Page- 2-

5. Plaintiff respectfully requests the Court to sanction the Defendant if the Defendant fails to provide the requested documents and does not provide meaningful responses to Plaintiff's interrogatories.

**1. Defendant's Response to Plaintiff's Interrogatory No. 1:** Defendant's response states that Ms. Holland does not recall any telephone conversations with the Plaintiff or e-mail messages from Plaintiff. Ms. Holland does not have any documentation of e-mails from 2002. Ms. Holland stated that she wouldn't have normally initiated any action if Complainant had called regarding his scores or evaluation, and she would normally explain the panel process to him by phone, and give him a copy of the ratings if he wanted them. Mr. Colantuoni is retired. The Agency is still searching for his contact information, and will supplement this response if his contact information is found.

**Plaintiff's Response:** Plaintiff sent two e-mail messages on November 15, 2002 to Ms. Holland and an e-mail message to Mr. Colantuoni on November 18, 2002. The e-mail messages list Plaintiff's concerns as well as references the telephone conversations. E-mail messages, as a part of official business, are official records and must be preserved by the Agency. Plaintiff requests that the Agency produce those documents for use in the Court proceedings and to refresh Mrs. Holland's recollection.

**2. Defendant's Response to Plaintiff's Interrogatory No. 2:** Ms. Holland has no documentation of a fax sent to Ms. Valerie Thorn. See response to Interrogatory No. 1,

page - 3-

Ms. Holland would not have initiated any action from the Human Resources Office if Plaintiff had concerns about the rating of his application by panel members. Ms. Valerie Thorn was Mr. Joseph Colantuoni's secretary at the time, and so this fax would have been sent for him. Mr. Colantuoni is retired, and the Agency is still searching for his contact information. The Agency will supplement this response if his contact information is found.

**Plaintiff's Response:** The Agency did not ask Mr. Ken Johnson or Ms. Thorn whether a fax dated December 19, 2002, was sent to her by the Plaintiff at the request of Mr. Johnson as asked in the interrogatory. Instead, the Agency asked Ms. Holland whether she has documentation of the fax sent by the Plaintiff. Faxes sent as a part of the official business are official records and must be preserved by the Agency. Plaintiff requests that the fax sent to Ms. Thorn be produced for use by the Plaintiff in this Court proceeding and to refresh Ms. Holland's recollection. Plaintiff also requests that the Agency provide a response to this interrogatory by requesting a response from Ms. Thorn (who was the recipient of the fax) and Mr. Johnson (who asked the plaintiff to send the fax to Ms. Thorn) and not from Ms. Holland.

**3. Defendant's Response to Plaintiff's Interrogatory No. 3:** The agency states that Mr. Thompson does not recall any meetings with Mr. Ken Johnson or Mr. Paul Johnson regarding Plaintiff's concerns about the rating process and the rating of his application for the Director's position by the rating panel.

**Plaintiff's Response:** The Agency was requested in the interrogatory to provide a response whether Mr. Ken Johnson and Mr. Paul Johnson met with Mr. Thompson to discuss the applicant's concerns about the rating. Apparently, the Agency chose not to contact Mr. Ken Johnson or Mr. Paul Johnson to verify whether such meetings in fact took place and relied on Mr. Thompson recollection or lack thereof to provide a response. As requested in this interrogatory, the Plaintiff requests that the Agency provide a response from Mr. Ken Johnson and Mr. Paul Johnson whether they met with Mr. Thompson to discuss the Plaintiff's concerns about the rating process.

**4. Defendant's Response to Interrogatory No. 5:** Ms. Barbara Holland states that the ratings by each panel member are not averaged. Each panel members rates each applicant in each of the elements. A total is calculated for each panel member. All the panel member's total scores for each candidate are totaled for a composite score for each candidate. The composite score determines the ranking of each candidate and the candidates who are placed on the best qualified list.

**Plaintiff's Response:** Whether the agency averages the total scores by each panel member for each candidate, or simply totals all the scores under each element by each panel member and divides it by the number of panel members, the result will be identical. However, in the interrogatory the plaintiff requested a response with respect to whether

under the Agency's merit promotion principles, procedures, and guidelines, the Agency can average ratings from different panel members under each of the ECQ's that differed by as much as 60%. Even under composite scores (based on document provided by the Agency), the Plaintiff was rated last (bottom) out of 13 applicants by the Forest Service rater, Ms. Barbara Webber and first by Mr. Roger Breeze, a USDA employee, based on the evaluation of the same application. The Agency simply averaged those totals (along with the totals from other panel members) to arrive at his composite score. Plaintiff requests a specific response from the agency to its request in the interrogatory whether under the Agency's merit promotion principles, procedures, guidelines, the Agency can average scores that differed by as much as 60% or where one rater's rated an applicant last (out of 13 applicants) and the other rater rated the same applicant first without reconciling the differences.

**5. Defendant's Response to Plaintiff's Interrogatory No. 8:** The Agency objects to this interrogatory as vague and irrelevant. The recommendation letter was forwarded to the Forest Service and included in the Plaintiff's application. There is no documentation of who if anyone forwarded this recommendation to the Forest Service other than what is provided in the Report of Investigation (ROI). The Agency has no other information about who discussed or was provided this recommendation letter.

**Plaintiff's Response:** The subject letter was sent to Mr. Mark Rey, Under Secretary, Department of Agriculture. How this letter was transmitted to the Forest Service, who

received it, who else had knowledge of this letter, and who made the decision to place it in the Plaintiff's application are critical and material to the case in determining whether the applicant's rating was deliberately lowered so that Mr. Thompson can select his candidate? The ROI does not have any information with respect to this interrogatory regarding the letter. However, the letter clearly was not included in the Plaintiff's application without being transmitted from the recipient or his staff through channel and subsequently someone making a decision to place it in the Plaintiff's application. Please provide a response to this interrogatory as requested.

**6. Defendant's Response to Plaintiff's Interrogatory No. 12.** The Agency states that it has provided a dated and signed Evaluation of Candidates for the Supervisory Assistant Director position at issue in this case in the ROI, volume 2, Tab 3.

**Plaintiff's Response:** Plaintiff was provided only an unsigned and undated copy. Please provide a response under what criteria/basis, evaluation, and documentary evidence, the Plaintiff was placed near the bottom of the applicant's pool. Note: Review the ROI to provide a response.

**7. Defendant's Response to Plaintiff's Request for Document No. 3:** The Agency has no additional documents in response to this request. Please see the ROI, Volume 2, at Tab 3 and 4 for all documents available on the evaluation of the applicants for this position.

Page- 7-

**Plaintiff's Response:** The ROI does not have any information with respect to how the Plaintiff's application was placed near the bottom of eligible applicants. Review ROI.

**8. Defendant's Response to Plaintiff's Request for Production of Document No. 5:** See ROI, Volume 2, at Tabs 3 and 4 for all documents available on the evaluation of the applicants for this position. Note: Review ROI file.

**Plaintiff's Response:**

**9. Defendant's Response to Production of Document No. 6:** The Agency objected to this request as overly broad. Not withstanding this objection, the Agency has no documents in response to this request.

**Plaintiff's Response:** Mr. Underwood's application and selection into the Senior Executive Service (SES) required approval from the Office of Personnel Management (OPM) of his selection by the Agency. The Agency must have submitted officially his application to the OPM for SES certification and may have provided additional information to OPM with respect to his SES certification if it encountered any difficulty. This issue is critical and material to the Plaintiff's assertion that factors other than merit

were used to select Mr. Underwood for the SES position in question. Plaintiff, therefore, requests a response to this interrogatory.

**10. Defendant's Response to Plaintiff's Request for Production of Document No. 8:** See ROI, Volume 1, Exhibit 22. The Agency has no other document responsive to this request.

**Plaintiff's Response:** The Agency's EEO Counselor in its report dated February 18, 2004, in first paragraph, page 5, states, "Candidates were rated on the scale of 1 to 5 (1 – being the lowest with no evidence, no experience, or no narrative written ..." That document is not included in the ROI. Please provide the document which is the basis of that statement in the Counselor's Report.

**11. Defendant's Response to Plaintiff's Request for Document No. 9:** See attachment 5

**Plaintiff's Response:** Attachment 5 does not include copies of all applications for the vacancy in question. Name and other relevant information is blocked in the copies of applications in the ROI. Such information is critical and material to Plaintiff's case and is essential to substantiate his allegation of discrimination, including whether panel members favored USDA/USFS applicants over outside applicants even though, the vacancy announcement and the Executive Core Qualifications did not require

USDA/USFS experience. Plaintiffs request this information as requested in this interrogatory.

**12. Defendant's Response to Plaintiff's Request for Document NO. 10:** See attachment 6.

**Response:** The Agency did not provide copies of the applications as requested. See response immediately above for rationale for copies of the application. Please provide the requested documents.

**13. Defendant's Response to Plaintiff's Request for Document No. 11:** The agency objected to this request as overly broad. Notwithstanding the Agency has no documents in response to this request.

**Response:** E-mails and faxes must be preserved by the agency if they were in connection with conducting official business. Plaintiff requested production of two e-mail messages to Ms. Holland dated November 15, 2002, and one dated November 18, 2002 to Mr. Colantuoni, and a fax dated December 19, 2002 to Ms. Thorn, Mr. Colantuoni's secretary. This is not overly broad as the Agency asserts. Plaintiff request that the Agency provide this document.

## 14. Plaintiff's Second Request for Production of Documents and Interrogatories

1. Plaintiff requests that the Agency provide ranking of all applicants by each panel member, including those who were eligible for lateral transfer (already a GS-15), for the GS-15, Supervisory Assistant Director' position. Provide the specific rating (quantifiable) factors that were used by panel members to place the applicant near the bottom of the pool of all eligible applicants for this vacancy.

2. Provide a copy of the USDA/USFS document that was the basis of the statement in the first paragraph on page 5 of the Final Report of Counseling by the Agency EEO Counselor, Ms. Nilda Godwin, dated February 18, 2004. That paragraph states that, " Candidates were rated on the scale of 1 to 5 (1 – being the lowest with no evidence, no experience, or no narrative written for the criteria; and 5 – being the highest possible score for each criteria on the executive core qualification (ECQ) and technical qualification criteria)."

3. Did the Selecting Official interview, at a minimum, all of the best qualified candidates referred by the Executive Resources Board or panel interviews were used as required under the USDA procedures that was transmitted to the Selecting Official along with the names of the best qualified applicants for the Director's position?.

Page-11-

*[signature]*

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-9375
Fax (202) 296-9375

The Certificate of Service

I certify that a copy of the above has been served by mail on the office of the United States Attorney on 8/20/06

*[signature]*
Sol Z. Rosen, Esq.

Page-11-