United States District Court
For the District of Columbia

Vijai Rai

V.   Civil Action No. 06-0109 (RJL)

Mike Johanns,
Secretary,
Department of Agriculture

To: Mike Johanns
C/O John F. Henault, Esq.

**Plaintiff's Consolidated Responses and Objections to Defendant's First Set of Interrogatories and Request for Production of Documents, and Plaintiff's Third Request for Production of Documents**

## General Objection

1. Plaintiff objects to defendant's requests for documents from plaintiff that are already in the Report of Investigation (ROI) and to the extent they are unreasonably cumulative or duplicative, overly broad, unduly burdensome, oppressive, vague, ambiguous, expensive, lacking in reasonable particularity, or unspecified as to time and place.

2. Plaintiff objects to these Request to the extent that they purport to expand upon or modify plaintiff's obligations pursuant to the Federal Rules of Civil Procedures and/or the Local Civil Rules.

3. Plaintiff reserves its rights under Federal Rule of Civil Procedures 26(e) to supplement its response, if necessary.

4. Plaintiff offers to confer in good faith to resolve any disputes regarding his request for production of documents and interrogatories.

**1. Defendant's Interrogatory No. 1:** Identify each act by defendant you allege constitutes unlawful discrimination against you on any basis, including in your answer the date of such discrimination and all facts on which you bases your claim of discrimination.

**Plaintiff's Response:** Plaintiff's allegations of discrimination, dates, bases, are provided in the ROI, Volume 1, Exhibit 1- Plaintiff's formal complaint, dated December 18, 2003; ROI, Volume 1 Exhibit 2 – USDA's acknowledgement of the plaintiff's complaint, dated March 12, 2004; ROI, Volume 1, Exhibit 3 – EEO counselor's report, dated February 18, 2004; ROI, Volume 1, Exhibit 6 – Plaintiff's statement; ROI Volume 1, Exhibit 7 – Plaintiff's rebuttal statement; and other related documents that are part of the ROI as well as in the filings in connection with this lawsuit.

**2. Defendant's Interrogatory No. 2:** For each act identified in Interrogatory 2, identify the date you sought informal counseling related to such act, date you received your right to file a formal complaint of discrimination and the date you filed the formal complaint.

**Plaintiff's Response:** There are no acts identified in interrogatory 2. Notwithstanding this objection, as provided in the ROI, Volume 1, Exhibit 3- EEO Counselor's report, plaintiff contacted the agency's EEO Counselor on September 5, 2003; completed initial interview with the Counselor on September 16, 2003; completed final interview on December 5, 2003; and filed formal complaint on December 18, 2003.

Page-3-

**3. Defendant's Interrogatory No. 3:** Identify each and every position you held at the Department of Agriculture, or any component thereof, including for each position, the date you obtained the position, the date you vacated the position, the title of such position, and each pay grade and corresponding dates of those pay grades.

**Plaintiff's Response:** Plaintiff was detailed into a staff position in the Minerals and Geology Management Staff of the U.S. Forest Service, USDA from July 2, 2002 to early January 2004. During this time, plaintiff continued to be employed as a GS-15, Senior Environmental Review Officer in the Office of Environmental Policy and Compliance, Office of the Secretary of Interior, Washington, DC and continued to be paid by the Office. Other than this detail, plaintiff has not worked in the Department of Agriculture or any component thereof.

**4. Defendant's Interrogatory No. 4:** If you have ever received a performance appraisal or evaluation that indicated your performance needed improvement or was less than satisfactory, please identify the date of the evaluation/appraisal; the areas that needed improvement; and the identity of the employer that rated your performance as needing improvement or as less than satisfactory.

**Plaintiff's Response:** During more than 30 years of professional employment, plaintiff has never received less than satisfactory evaluation and has never been advised that his performance needed improvement. In fact, throughout his professional career, plaintiff has received performance ratings mostly either outstanding or sustained superior.

**5. Defendant's Interrogatory No. 5:** Identify every person you believe has knowledge or information relevant to the claims asserted in this lawsuit, including in your answer a description of the person's knowledge or information.

**Plaintiff's Response:** ROI includes statement from individuals who may have knowledge or information relevant to this lawsuit (please refer to ROI). In addition, plaintiff provided a list of potential witnesses to the defendant on June 13, 2006, who may have information regarding this lawsuit. Plaintiff will provide additional names of person or persons who may have information relevant to the claims based on discovery. Plaintiff will supplement this list based on any new information that may become available during discovery.

**6. Defendant's Interrogatory No. 6:** Identify each person you allege discriminated against you on any basis, including in your answer all facts supporting your claim of discrimination and the precise type of discrimination (i.e., race, age or sex) for each person you allege to have discriminated.

**Plaintiff's Response:** The Selecting Official(s) for the two vacancies; agency's rating officials who assigned ratings with respect to the two positions that the plaintiff alleges were not based on merit; agency's Personnel staff who disregarded plaintiff's repeated requests for a review of ratings that the plaintiff alleged were arbitrary, capricious, and contrary to merit promotion principles; and any other individuals in the agency who may be responsible for the acts specified above that

Page-5-

plaintiff may become aware of during discovery. The type of discrimination alleged has been identified in the plaintiff's formal complaint and the ROI, Volume 1, Exhibit 1 and in this law suit.

**7. Defendant's Interrogatory No. 7:** Identify each and every person who has provided you, your representatives or agents with oral or written statements referring or related to the allegations set forth in your complaint, including in your answer the date of each such statement and the custodian of any written statement or transcript or recording of such statement.

**Plaintiff's Response:** Plaintiff objects to this interrogatory as vogue and overly broad. Notwithstanding this objection, plaintiff does not have any oral or written statements at this time referring or related to the allegation set forth in the complaint. Plaintiff will supplement this response based on discovery, if necessary.

**8. Defendant's Interrogatory No. 8:** Since the date of the alleged discriminatory and/or retaliatory treatment, if you have undergone or received any treatment for any mental, psychological, or emotional disturbance, or physical manifestation thereof as a result of the conduct at issue in this action, please identify the nature and extent of such treatment, the names and addresses of each doctor, psychiatrist, psychologist, practitioner, hospital or counselor treating you; each diagnosis and dates of diagnosis made by any such practitioner, prognosis; and dates and costs of treatment.

**Plaintiff's Response:** Plaintiff has experienced increased level of cholesterol, increased blood sugar level, high blood pressure, anxiety and related mental anguish, etc. since the date of the alleged discrimination. Plaintiff has not made any claims with respect to these sufferings in his complaint. If further evaluation by plaintiff's doctors indicates that these physical and emotional ailments are likely related to the alleged acts of discrimination, plaintiff will provide the defendant all necessary information at that time.

**9. Defendant's Interrogatory No. 9:** Identify all positions you have applied for since 1998, including in your response the date of such application, the specifics of the position involved, the form of such application and the result of your application.

**Plaintiff's Response:** Plaintiff applied for two positions (Director and Supervisory Assistant Director) in the USDA Forest Service's Minerals and Geology Management Staff. The ROI includes all information with respect to these two positions. Please see vacancy announcements and copy of the Plaintiff's application in the ROI for any and all information regarding these positions, including specifics. In addition, Plaintiff had applied for a Regional Director's position – an SES position - in the Department of the Interior's Office Surface Mining Reclamation and Enforcement sometime in the late 90s but was not selected. Plaintiff had not applied for any other position since 1998.

<b>SPECIFIC OBJECTIONS AND RESPONSES TO<br><u>DEFENDANTS DOCUMENT REQUESTS</u></b>

**1. Defendant's Request for Document No. 1:** Produce each and every document identified in responses

to defendant's First Set of Interrogatories and label each document to indicate the interrogatory or interrogatories to which the document relates.

**Plaintiff's Response:** All documents in connection with this lawsuit, except those that may become available during discovery or those that have been requested from the defendant, are included in the ROI. Plaintiff provided the location of those documents in the ROI as a part of his response to the interrogatory. Plaintiff provided the defendant a list of documents on June 13, 2006, that he intends to use in this lawsuit. In addition, the defendant was requested to provide a number of other documents the plaintiff intends to use in the lawsuit. Defendant has not provided those documents to date.

**2. Defendant's Request for Production of Document No. 2:** Produce each and every document that you believe substantiates the allegations contained in your complaint and indicate to which paragraph in the Complaint the documents relate.

**Plaintiff's Response:** Plaintiff will rely on documents included in the ROI, including Ms. Barbara Weber's e-mail message to the agency's investigator, ROI, Volume 1, Exhibit 10; letter of recommendation on behalf of the plaintiff, dated September 3, 2002 to Mr. Mark Rey; ratings by Ms. Barbara Weber, Mr. Roger Breeze and others that the agency provided as a part of the discovery; and documents yet to be made available by the defendant to substantiate plaintiff's allegations in the complaint. As an example, among others, plaintiff intends to use e-mail correspondences with USDA Personnel Staff in 2003 but the defendant has neither acknowledged the existence of those documents nor

provided those documents to date. Similarly, defendant, in response to the plaintiff's First Set of Interrogatories (No. 12) asserted that the Agency has provided a dated and signed Evaluation of Candidates for the Supervisory Assistant Director position in this case in the ROI, volume 2, tab 3. However, no such signed copy is included in the ROI. Until the agency makes the documents available, plaintiff is unable to provide appropriate response to this request. Plaintiff will supplement his response to this request after the defendant provides its response to plaintiff's request for documents.


**3. Defendant's Response to Production of Document No. 3:** Produce each and every document prepared by you which relates to or refers to the incidents, conduct or work environment giving rise to your claims, including, but not limited to any and all handwritten or typed notes, diaries, journals, logs, letters, memoranda and other documents, regardless of when such documents were prepared.
**Plaintiff's Response:** Plaintiff objects to this request as overly broad and vague. Notwithstanding this objection, plaintiff has no documents in response to this request at this time. Plaintiff will supplement this response, if necessary.


**4. Defendant's Request for Production of Document No. 4:** Produce each and every document you intend to use as an exhibit at the trial in this matter.
**Plaintiff's Response:** Plaintiff is awaiting response by the defendant to its earlier request for production of documents before deciding which documents the plaintiff will

use as exhibits at the trial. Plaintiff will supplement his response once the defendant provides the documents requested.

**5. Defendant's Request for Document No. 5:** Produce each and every document in your possession relating to any formal or informal claim, charge or complaint against an employer, other than those at issue in this matter that you have filed.

**Plaintiff's Response:** Plaintiff objects to this request as overly broad, vague and expensive. Notwithstanding this objection, plaintiff provides the following information with respect to his previous complaints. Plaintiff was placed in his current GS-15 position based on an order by the Equal Employment Opportunity Commission (EEOC) dated May 17, 1990 (copy of the EEOC Order attached). The Department of the Interior had earlier acknowledged that it had discriminated against the plaintiff and subsequently promoted the plaintiff in the current position. Plaintiff also filed a series of complaints alleging discrimination based on retaliation/reprisal by the Department for having filed and prevailed in his discrimination complaint filed in 1984. Plaintiff and the Department have resolved all complaints, some with provisions of confidentiality. Plaintiff does not have any outstanding complaint against any other employer, other than those that are part of this lawsuit. Plaintiff will search his records and supplement this response with appropriate documents if necessary.

Page-10-

**6. Defendant's Request for Document NO. 6:** Produce all document exchanged by and/or between you and EEO or Department of Agriculture employee concerning any of your administrative complaints of discrimination or retaliation.

**Plaintiff's Response:** ROI includes all documents exchanged between the plaintiff and any EEO or Department of Agriculture employee, except those that plaintiff has requested the defendant to provide as a part of discovery. Plaintiff had requested USDA/USFS employees to provide certain documents in connection with his complaint under the Freedom of Information Act. Plaintiff does not intend to use those correspondences in this lawsuit. The agency has copies of all those correspondences if it intends to use those documents in connection with this lawsuit.

**7. Defendant's Request for Document No. 7:** Produce each and every document that you believe supports your claim for damages, including but not limited to records that support your answers to defendant's interrogatories.

**Response:** Those documents are included in the ROI, except those yet to be provided by the defendant such as e-mail correspondences and other documents that the defendant has not provided to the plaintiff to date. Plaintiff will supplement this response as a part of discovery and deposition.

**8. Defendant's Request for Document No. 8:** Produce each and every document relevant to any claim raised in the Complaint that has not been produced in response to 1 through 7 above.

Page-11-

**Plaintiff's Response:** Plaintiff does not have in his possession any other documents at this time other than those requested from the defendant and identified in the list of documents in its submission, dated June 13, 2006. If any other documents become available as a part of discovery/deposition or plaintiff locates them as a part of his search, plaintiff will supplement this response.

**9. Defendant's Request for Document Number 9:** Produce a copy of all medical records of your treatment for any damages you allegedly suffered or continue to suffer that you allege are related to the allegations in the complaint.

**Plaintiff's Response:** Please see plaintiff's response to defendant's interrogatory Number 8.

**10. Defendant's Request for Document Number 10:** Complete the enclosed medical records release authorization forms with all pertinent information and return them to counsel for the defendant with respect to the medical records release forms, copy and complete a form with respect to each relevant health care facility. August 9, 2006.

**Plaintiff's Response:** Medical records release authorization forms were not attached as indicated. Notwithstanding this omission, please see plaintiff's response under defendant's Interrogatory Number 8.

## **Plaintiff's Third Request for Production of Documents**

1. Produce each and every document that the agency intends to use as an exhibit at the trial in this matter

2. Produce each and every document in the agency's possession relating to any formal or informal claim, charge or complaint based on national origin (Indian-born) against the Department of Agriculture and any component thereof, with respect to employment discrimination, including promotion, where the agency was deemed to have discriminated against an Indian-born applicant based on national origin in any administrative and/or judicial proceeding, including settlement agreements between the agency and the Indian-born applicant where dispute was resolved as a part of a negotiated settlement.

3. Produce each and every document prepared by the Department of Agriculture and any component thereof, which relates to or refers to the plaintiff's complaint, including but not limited to any and all handwritten or typed notes, diaries, journals, logs, letters, memoranda and other documents, regardless of when such documents were prepared.

4. Produce each and every document that the Department of the Agriculture and any component thereof, that the defendant believes refutes plaintiff's allegations of

discrimination contained in his Complaint, including his claim for damages, and indicate to which paragraph in the Complaint the document relates.

*[signature]*
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-9375
Fax (202) 296-9375

### The Certificate of Service

I certify that a copy of the above has been served by mail on the office of the United States Attorney on 9/5/06

*[signature]*
Sol Z. Rosen, Esq.