## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIJAI N. RAI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.06-0109 (RJL) |
| | ) | |
| MIKE JOHANNS, | ) | |
| Secretary of the United States | ) | |
| Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 and 30.4, defendant Mike Johanns, Secretary of the Department of Agriculture, hereby responds and objects to plaintiff's Second Requests for Production of Documents and Set of Interrogatories as follows:

### GENERAL OBJECTIONS AND DEFINITIONS

1. Defendant objects to these Requests to the extent that they seek material which is subject to the attorney-client privilege, material which was prepared in anticipation of litigation or which otherwise constitutes work product material, or information which is protected by any other applicable governmental privilege. To the extent that there may be any inadvertent production by defendant of any document protected by the privileges enumerated above, such production is without prejudice to any claim that such document is privileged in any respect and protected by discovery, and such inadvertent production shall not be deemed to have waived any of defendant's rights.

2. Defendant objects to these Requests to the extent they seek information or documents that are private and/or confidential and are not otherwise protected by any protective order issued to date.

3. Defendant objects to these Requests to the extent that they are unreasonably cumulative or duplicative, overly broad, unduly burdensome, oppressive, vague, ambiguous, expensive, lacking in reasonable particularity, or unspecified as to time or place.

4. Defendant objects to these Requests to the extent they are not limited in time.

5. Defendant objects to these Requests to the extent they seek information and/or documents that are not relevant to a claim or defense of a party to this action or are not calculated to lead to the discovery of admissible evidence in this action.

6. Defendant objects to these Requests to the extent they seek material that is in plaintiff's possession and thus is equally available to plaintiff on the ground that such requests are oppressive and unduly burdensome.

7. Defendant objects to these Requests to the extent that they purport to expand upon or modify defendant's obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Civil Rules.

8. Defendant reserves its right under Federal Rule of Civil Procedure 26(e) to supplement its responses, if necessary.

9. Defendant offers to confer in good faith to resolve any disputes regarding these responses.

## SPECIFIC RESPONSE

1. Plaintiff requests that the Agency provide ranking of all applicants by each panel member, including those who were eligible for lateral transfer (already GS-15), for the GS-15

Supervisory Assistant Director position. Provide the specific rating (quantifiable) factors that were used by panel members to place the applicant near the bottom of the pool of all eligible applicants for this vacancy.

Response: Defendant objects to this request as duplicative of plaintiff's first interrogatories. Subject to and without waiver of the foregoing objection, as well as defendant's General Objections, defendant responds that, as stated in response to plaintiff's initial discovery requests, all responsive documents are contained in the Report of Investigation.

2. Provide a copy of the USDA/USFS document that was the basis of the statement in the first paragraph on page 5 of the Final Report of Counseling by the Agency EEO Counselor, Ms. Nilda Godwin, dated February 18, 2004. That paragraph states, "Candidates were rated on the scale of 1 to 5 (1 – being the lowest with no evidence, no experience, or no narrative written for the criteria; and 5 – being the highest possible score for which criteria on the executive score qualification (ECQ) and technical qualification criteria."

Response: Subject to and without waiver of defendant's General Objections, defendant responds that there are no such responsive documents, other than declarations and affidavits of panel members contained in the Report of Investigation.

3. Did the Selecting Official interview, at a minimum, all of the best qualified candidates referred by the Executive Resources Board or panel interviews were used as required under the USDA procedures that was transmitted to the Selecting Official along with the names of the best qualified applicants for the Director's position?

Response: Subject to and without waiver of defendant's General Objections, defendant responds that no candidates were interviewed.

October 23, 2006

_____
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

On October 23, 2006, a true and correct copy of the foregoing was served by first class

mail, potage prepaid on:

Sol Rosen, Esq.
2501 Calvert Street, NW
Suite 212
Washington, DC 20008

_____
John F. Henault
Assistant United States Attorney