

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 23, 2006

**VIA FIRST CLASS MAIL**

Sol Rosen, Esq.
2501 Calvert Street, NW
Suite 212
Washington, DC 20008

    Re:   *Rai v. Johanns*, No. 06-109 (RJL)

Dear Mr. Rosen:

This letter responds to your August 8, 2006 objections to defendant's responses to plaintiff's interrogatories and document requests. Each of your specific objections are addressed below:

Interrogatory 1:

Plaintiff's interrogatory 1 requests an explanation of any steps taken by Ms. Barbara Holland, Human Resources (HR) Office, USDA and Mr. Joseph Colantuoni, Deputy Director, HR Office, USDA, to address concerns raised by the plaintiff about the rating process. Defendant responded by explaining that Mr. Holland took no steps and that Mr. Colantuoni was retired, so defendant is unable to provide an explanation of any actions he took. Plaintiff objects to defendant's response to interrogatory 1 by requesting that documents be produced. Defendant was not required to produce documents in response to interrogatories and, accordingly, defendant stands by its original response to interrogatory 1.

Interrogatory 2:

Plaintiff's interrogatory 2 requests an explanation of steps taken by HR to address certain concerns raised by plaintiff in a fax. Defendant's response was that Ms. Holland would not have initiated any action from the Human Resources Office if Plaintiff had concerns about the rating of his application by panel members. Plaintiff objects to this request on the basis that defendant did not ask certain individuals if they sent a fax. Plaintiff's interrogatory did not request the information set forth in his objection; it asked for an explanation of actions requested of HR and

defendant responded that it requested no action by HR. Accordingly, defendant stands by its original response to interrogatory 2.

Interrogatory 3:

    Plaintiff's interrogatory 3 requests whether Mr. Ken Johnson, then acting Director, MGM Staff, now retired, and Mr. Paul Johnson, at the time a Staff Assistant to Mr. Tom Thompson, Deputy Chief, NFS, USFS and currently on the MGM staff, met on several occasions with Mr. Thompson during November-December 2002, to discuss and apprise him of plaintiff's concerns about the rating process and the rating of his application for the Director's position by the rating panel. Plaintiff also requests that, if the answer is yes, defendant provide an explanation of what action, if any, Mr. Thompson directed his staff to take to address concerns raised by the plaintiff. Defendant responded that Mr. Thompson could recall no such meetings and that Mr. Thompson had no control over the rating process regarding any of the applicants, and therefore would not hold meetings regarding the rating process. Defendant considers its response to interrogatory 3 responsive to plaintiff's request and, therefore, stands by its original response.

Interrogatory 5:

    Plaintiff's interrogatory 5 requests that defendant state whether under the agency's merit promotion principles, procedures and guidelines, the agency can average ratings from different panel members under each of ECQs that differed by as much as 60%, as in the case of the plaintiff's application, to arrive at an average rating for ranking purpose. Defendant responded that the ratings of each panel member are not averaged. Each panel members rates each applicant in each of the elements. A total is calculated for each panel member. All the panel members' total scores for each candidate are totaled for a composite score for each candidate. The composite score determines the ranking of each candidate and the candidates who are placed on the best qualified list. Accordingly, defendant explained how its merit promotion principles work. To the extent that plaintiff's request provides an example that differs from this model, defendant responds no, plaintiff's example is not consistent with the practice under defendant's merit promotion principles.

Interrogatory 8:

    Plaintiff's interrogatory 8 requests that defendant state whether Mark Rey, under Secretary, Natural Resources and Environment, USDA, or his staff forwarded/provided a copy of the letter of recommendation, dated September 3, 2002, written in support of the plaintiff's application for the Director's position by two high-level Department of Interior officials to anyone in the USFS, or did he or his staff discuss it with anyone in the USFS? If yes, with whom, when. Defendant responded that the letter was forwarded to the Forest Service and included in plaintiff's application, although defendant cannot specify who forwarded the letter. Plaintiff objects to this response on the basis that it did not include specific information. The specific information, however, was not contained in plaintiff's interrogatory. Accordingly, defendant stands by its original response.

Interrogatory 12:

Plaintiff's interrogatory 12 requested that defendant state why the USFS provided an unsigned and undated evaluation of candidates by the rating panel for the Assistant Director (a GS-15 position) in the Minerals and Geology Program that indicated that the plaintiff was near the bottom of the applicant pool in spite of his credentials specified in number 7 above and despite the fact that he was already a GS-15 at the time. Defendant responded that it provided a dated and signed Evaluation of Candidates for the Supervisory Assistant Director position, and directed plaintiff to the Report of Investigation, volume 2, tab 3. Defendant also directed plaintiff to the Report of Investigation, volume 2, tab 4, for the justification of the selectee and evaluation of the candidates' strengths and weaknesses, which is signed by Tom L. Thompson, Deputy Chief, Forest Service, and Dale N. Bosworth, Chief, Forest Service. Because defendant has provided a complete response to interrogatory 12, defendant stands by its initial response.

Document Request 3:

Plaintiff's documents request 3 requests that defendant produce a copy of the specific rating of the plaintiff's application by each panel member for the GS-15 position of Assistant Director of Mineral and geology programs, USFS. Plaintiff further requests that, if no specific rating was assigned because the plaintiff was eligible for noncompetitive placement, provide documents/evaluations that were the basis for the placement of the plaintiff near the bottom of eligible applicants in the unsigned and undated statement of Panel Evaluation Candidates for the Assistant Director, Minerals and Geology Staff. Defendant responded that all responsive documents were contained in the Report of Investigation and specifically directed plaintiff to Volume 2, at Tab 3 and 4 for all documents available on the evaluation of the applicants for this position. Plaintiff objects to this response on the basis that the Report of Investigation does not have any information with respect to how plaintiff's application was placed near the bottom of eligible applicants. Defendant's response directs plaintiff to all responsive documents on the matter and, accordingly, defendant stands by its initial response.

Document Request 6:

Plaintiff's document request 6 requests that defendant produce all correspondence among the USDA, USFS and the U.S. Office of Personnel management between February 10, 2003 and July 30, 2003 with respect to Mr. Marvin Underwood's selection into the Senior Executive Service. Defendant will produce all responsive documents.

Document Request 8:

Plaintiff's document request 8 requests that defendant produce a copy of all documents and information including rating plan/crediting plant that were provided to each panel member for the staff Director's vacancy(FS-18-NFS-2002A) as a part of their Executive Resource Board (ERB) package, including any and all instructions to ERB panel members on how to assign specific ratings between one and five. In response, defendant directed plaintiff to the Report of Investigation, Volume 1, Tab 22 for all responsive documents. Plaintiff objects to this response

on the basis that the EEO Counselor's Report contains a description of how the panel members rated the applications process, yet no document describing the process was produced. As evidenced by the Counselor's Report itself, he developed that information from interviews with Agency Officials, Executive Resources Board Coordinator and ERB members who served on the Board, not from a specific document. Thus, defendant stands by its initial response, which directed plaintiff to all responsive documents.

Document Request 9:

Plaintiff's document request 9 requests that defendant produce specific ratings/rankings/working papers with respect to the applications for Directors position(FS-18-NFS-2002A) that was assigned by each ERB panel member as a part of the first panel for the subject vacancy; a copy of all applications, how each panel member rated each application, and a copy of any USDA/USFS guidance/ instructions requiring the ratings to be reconciled if they differ significantly. Defendant responded by producing all responsive documents that were not included in the Report of Investigation. Plaintiff objects to defendant's response on the grounds that some of the responsive materials that were included in the Report of Investigation are redacted to exclude certain personally-identifying data, and requests that defendant produce unredacted copies. No protective order has been entered in this action and, accordingly, until such an order is entered, defendant will not produce unredacted Privacy Act protected materials.

Document Request 10:

Plaintiff's document request 10 requests that defendant produce specific ratings/rankings/working papers with respect to the applications for the Director's position that were assigned by each EBB panel member as a part of the subsequent (second) panels for the Director's vacancy, including how each panel member rated each application and a copy of the applications that were not rated by the first panel. Defendant responded by producing all responsive documents that were not included in the Report of Investigation. Plaintiff objects to defendant's response on the grounds that some of the responsive materials that were included in the Report of Investigation are redacted to exclude certain personally-identifying data, and requests that defendant produce unredacted copies. No protective order has been entered in this action and, accordingly, until such an order is entered, defendant will not produce unredacted Privacy Act protected materials.

Document Request 11:

Plaintiff's document request 11 requests that defendant produce copies of e-mail correspondence from the plaintiff to Ms. Barbara Holland, USFS HR Office, dates November 15, 2002 and Mr. Joseph Colantuoni Deputy Director HR, USDA dated November 18, 2002, and a memo, dated December 19, 2002, faxed to Ms. Valerie Thom, in connection with the rating process for the disputed Director's position including any and all correspondence with the rating process for the disputed Director's position between USFS and USDA officials in connection with the plaintiff's concerns about the rating process expressed inn these documents. Defendant responded that the Agency has no documents in response to this request, but also stated that it is

still searching for a memo dated December 19, 2002 to Ms. Valerie Thorn, Mr. Colantuoni's secretary and will supplement this request if documents are found. Defendant stands by its initial response.

I trust this responds adequately to your objections. If not, please feel free to call me with any questions. I can be reached at (202) 307-1249 or by email at john.henault@usdoj.gov.

Sincerely,

Jeffery A. Taylor
United States Attorney

By:

John F. Henault
Assistant United States Attorney