

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 4, 2007

VIA FIRST CLASS MAIL

Sol Rosen, Esq.
2501 Calvert Street, NW
Suite 212
Washington, DC 20008

    Re:   *Rai v. Johanns*, No. 06-109 (RJL)

Dear Mr. Rosen:

    I write to follow up on our meeting of January 29, 2007. At this meeting, we discussed discovery issues that both parties had with the discovery responses of the other party. Since that meeting, however, plaintiff has not produced any further information requested in defendant's requests. If plaintiff has no further responsive information, please advise me of such.

    Regarding plaintiff's concerns with defendant's responses, I have gone back to the Agency for additional information, which is addressed below.

    1. Plaintiff requested unredacted applications of all applicants, not just the persons selected for the positions at issue.

    Response: Defendant maintains that producing unredacted applications of all applicants, and not just the selectees for the positions at issue is not relevant to the non-selections at issue and not likely to lead to the discovery of admissible. As you may notice from the Administrative Record of Investigation, there is a chart of all applicants that has all names blacked out and numbers inserted in the place of the names. All applications that have been produced in a redacted form have numbers placed on the package, which corresponds to the numbers placed on the chart of applicants. Thus, plaintiff is able to identify which application belongs to which score without needing the personal and Privacy Act protected information that has been redacted from the applications.

2. Plaintiff requested an explanation from Mr. Mark Rey's office regarding how the letter of recommendation ended up being placed in his application package.

Response: Defendant has been unable to obtain any additional information, other than that previously provided to plaintiff.

3. Plaintiff requested the package sent to OPM seeking approval of Mr. Underwood for the Director, Minerals & Geology Management Staff.

Response: Please find enclosed a screen shot of the information send electronically to OPM, which is stamped "APPROVED" and signed by Mr. Stevie L. Miller on July 11, 2003. I have also included Mr. Underwood's application for the position and the Vacancy Announcement. Although I realize that you already have the application and vacancy announcement, I received these from the Agency as a complete package, so I am producing them as such. I am aware of no other information sent to OPM.

4. Plaintiff requested that defendant produce a memorandum written by Mr. Tom Mills, former Deputy Chief of Business Operations for the Forest Service that allegedly dealt with minority representation in the Forest Service.

Response: We have discussed this matter with Mr. Mills, who has since retired, and Mr. Mills cannot recall writing the requested memorandum.

5. Plaintiff requested information regarding an alleged meeting between Mr. Thompson, Mr. Paul Johnson and Mr. Ken Johnson regarding plaintiff.

Response: Although Mr. Paul Johnson believes that the fact that plaintiff did not make SES Certificate was mentioned to Mr. Thompson, he does not recall a meeting to discuss the issue. Other than mentioning the issue, Mr. Paul Johnson had no further discussions with Mr. Thompson on the issue. As stated in defendant's discovery responses, Mr. Thompson does not recall ever having a meeting on the issue.

If plaintiff has any additional issues with defendant's discovery responses, please feel free to call me at (202) 307-1249. Thank you and I look forward to receiving any additional responses that plaintiff may have.

Sincerely,

John F. Henault
Assistant United States Attorney

Enclosure