IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIJAI N. RAI, <br><br> Plaintiff, <br><br> v. <br><br> MIKE JOHANNS, <br> Secretary of the United States <br> Department of Agriculture, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06-0109 (RJL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD REQUEST
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 and 30.4, defendant Mike Johanns, Secretary of the Department of Agriculture, hereby responds and objects to plaintiff's Third Request for Production of Documents as follows:

**GENERAL OBJECTIONS AND DEFINITIONS**

1. Defendant objects to these Requests to the extent that they seek material which is subject to the attorney-client privilege, material which was prepared in anticipation of litigation or which otherwise constitutes work product material, or information which is protected by any other applicable governmental privilege. To the extent that there may be any inadvertent production by defendant of any document protected by the privileges enumerated above, such production is without prejudice to any claim that such document is privileged in any respect and protected by discovery, and such inadvertent production shall not be deemed to have waived any of defendant's rights.

2. Defendant objects to these Requests to the extent they seek information or documents that are private and/or confidential and are not otherwise protected by any protective order issued to date.

3. Defendant objects to these Requests to the extent that they are unreasonably cumulative or duplicative, overly broad, unduly burdensome, oppressive, vague, ambiguous, expensive, lacking in reasonable particularity, or unspecified as to time or place.

4. Defendant objects to these Requests to the extent they are not limited in time.

5. Defendant objects to these Requests to the extent they seek information and/or documents that are not relevant to a claim or defense of a party to this action or are not calculated to lead to the discovery of admissible evidence in this action.

6. Defendant objects to these Requests to the extent they seek material that is in plaintiff's possession and thus is equally available to plaintiff on the ground that such requests are oppressive and unduly burdensome.

7. Defendant objects to these Requests to the extent that they purport to expand upon or modify defendant's obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Civil Rules.

8. Defendant reserves its right under Federal Rule of Civil Procedure 26(e) to supplement its responses, if necessary.

9. Defendant offers to confer in good faith to resolve any disputes regarding these responses.

## **SPECIFIC RESPONSE**

1. Produce each and every document that the agency intends to use as an exhibit at the trial in this matter.

Response: Defendant objects to this request and premature. Defendant will identify its exhibits in accordance with the Court's Pretrial Order in this matter.

2. Produce each and every document in the agency's possession relating to any formal or informal claim, charge or complaint based upon national origin (Indian-born) against the Department of Agriculture and any component thereof, with respect to employment discrimination, including promotion, where the agency was deemed to have discriminated against an Indian-born applicant based on national origin in any administrative or judicial proceeding, including settlement agreements between the agency and the Indian-born applicant where dispute was resolved as part of a negotiated settlement.

Response: Defendant objects to this request as overbroad, harassing and unduly burdensome. Defendant also objects to this request as irrelevant and not likely to lead to the discovery of admissible information. Further, defendant objects to this request in that it is not limited to any specific period in time. As explained in the Declaration of Sadhna F. True, a complainant being Indian-born is not a category that is maintained in defendant's computerized complaint tracking system. Instead, complaints on the basis of a complainant being Indian-born are categorized as "other" in defendant's electronic database and a database query indicated that there are currently 425 formal and informal cases where the reason for the alleged discrimination is "other." Thus, to determine if any of these 426 complaints are based upon an allegation of complainant being Indian-born, the Agency would be required to review more than 1000 case

3

files, located in many different places, manually. Defendant is unable to undertake such a review without negatively impacting the other work of the civil rights staff, including the processing of other complaints of discrimination. Thus, this request is unduly burdensome for the agency. Although defendant objects to this request, defendant will work with plaintiff on any narrowed version of this request.    3. Produce each and every document prepared by the Department of Agriculture and any component thereof, which relates or refers to the plaintiff's complaint, including but not limited to any and all handwritten or typed notes, diaries, journals, logs, letters, memoranda and other documents, regardless of when such documents were prepared.

Response: Defendant objects to this request as overbroad, harassing, unduly burdensome and duplicitous of other requests. Subject to and without waiver of the general and forgoing objections, defendant responds that it has produced all such documents in response to plaintiff's other document requests.

4. Produce each and every document that the Department of Agriculture and any component thereof, that the defendant believes refutes plaintiff's allegations of discrimination contained in this Complaint, including his claim for damages, and indicate to which paragraph in the Complaint the document relates.

Response: Defendant objects to this request as overbroad, harassing, unduly burdensome and duplicitous of other requests. Subject to and without waiver of the general and forgoing objections, defendant responds that it has produced all such documents in response to plaintiff's other document requests.

4

May 8, 2007

                                           /s/
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

                                           /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

                                           /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

On May 8, 2007, a true and correct copy of the foregoing was served by first class mail, potage prepaid on:

Sol Rosen, Esq.
2501 Calvert Street, NW
Suite 212
Washington, DC 20008

John J. Henault
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIJAI N. RAI, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 1:06CV00109 |
| MIKE JOHANNS, ) Secretary, ) U.S. Department of Agriculture, ) | |
| Defendant. ) | |

## DECLARATION OF SADHNA G. TRUE

I, Sadhna G. True, hereby make the following declaration:

1. I am the Director of the Office of Adjudication and Compliance for the U.S. Department of Agriculture (USDA). I have held this position since August 23, 2004. My responsibilities include supervision of the processing of employment discrimination complaints filed by USDA employees and applicants, in conformance with the procedures established in 29 C.F.R. pt. 1614.

2. The Office of Adjudication and Compliance is the custodian of official files relating to formal complaints of employment discrimination lodged against USDA. In addition, the Office of Adjudication and Compliance maintains a computerized tracking system, the Civil Rights Enterprise System, to record and track complaint activity. The Civil Rights Enterprise System was implemented during Fiscal Year 2005 and is used to track open cases. A data warehouse is in place for maintaining data for older closed cases, within the parameters of the document retention schedule established by the National Archives and Records Administration for EEO complaint records.

3. Within the Civil Rights Enterprise System, the alleged bases of discrimination are entered in each complaint record. For the basis of "national origin," the data is further broken down by "Hispanic" and "other." These categories were established to comply with the EEOC reporting requirements of EEO Form 462. I conducted a search of cases in which "national origin (other)" was the protected basis. This search revealed 425 informal and formal cases. A search in the data warehouse, which includes the cases in the Civil Rights Enterprise System and older closed cases, could not be completed because it retrieved over 1,000 records, which is the limit established by the system administrator.

4. In order to determine which records contain allegations of discrimination based on national origin (Indian born), the case records would have to be reviewed individually. The Civil Rights Enterprise System does not capture the nationality of the complainants, with the exception noted previously for persons who are Hispanic.

5. A case-by-case record review of the 425 case files contained in the Civil Rights Enterprise System, or the over 1,000 case files, if the older closed cases are included, would be highly labor intensive. My office would be unable to undertake such a review without negatively impacting the processing of pending EEO complaints.

6. In addition, the case-by-case record review would require the involvement of the USDA subcomponent agencies. The Office of Adjudication and Compliance maintains the records only for the formal EEO complaints. Records for informal EEO complaints are maintained by the civil rights offices in each of the USDA subcomponent agencies and may reside at field offices. Thus, the record review would require coordination of resources outside of my office and would likely impact the work of the other civil rights staffs.

7. In summary, administrative files for informal and formal EEO complaints are located in many different places, including field offices, subcomponent agency offices, and records archives. The review of these files would require numerous staff resources and would require a significant period of time to complete.

I hereby declare and affirm under penalty of perjury that the foregoing seven (7) paragraphs are true and correct to the best of my knowledge, information, and belief.

Executed on May 8, 2007

*[signature]*
Sadhna G. True
Director, Office of Adjudication and Compliance
U.S. Department of Agriculture