United States District Court
For the District of Columbia

Vijai Rai

    Plaintiff

vs.                                                                 Civil Action No. 06-0109 (RJL)

Mike Johanns,
Secretary,
Department of Agriculture

    Defendant

To: Mike Johanns
C/O John F. Henault, Esq.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff provides the following information to clarify certain statements by the Defendant that are either false or misleading. Plaintiff requests that the Court's consider the following as a part of the decision on Plaintiff's motion to compel filed on April 26, 2007.

1. The Defendant on page 2 of its submission to the Court, dated May 9, 2007, states that Defendant served his first set of interrogatories and document requests on August 10, 2006, and plaintiff responded on September 5, 2006, but produced no documents.

Plaintiff responded to each of the interrogatories and request for production of documents by the Defendant, and did in fact provide a copy of the EEOC Order, dated May 17, 1990, as a part of Defendant's request for production of document Number 5 on September 5, 2006.  Other than its request dated August 10, 2007, Defendant has not

made any request for production of documents or interrogatories. Therefore, Defendant's assertion that Plaintiff produced no documents is simply false.

2. Plaintiff's Motion to Compel 5 requesting Defendant modify or supplement its earlier response that Defendant (his staff) does not recall having received these e-mails and fax.

**Plaintiff's Response:** Defendant did not respond to this motion to compel. Defendant in his July 12, 2006 and subsequent responses with respect to Interrogatory No. 1, 2, and Document Request No. 11, has repeatedly asserted that the Defendant's staff in his Personnel Office – who were transmitted various e-mails and a fax by Plaintiff – do not recall any telephone conversations, e-mails, or receiving a fax. Plaintiff provided Defendant's counsel in the January 29, 2007 meeting copies of those e-mails and the fax. Defendant staff's assertions with respect to telephone conversations, e-mails, and the fax are contradicted directly by the documents in possession of the Defendant's counsel. Yet Defendant has not supplemented or modified his earlier faulty recollections and assertions.

The following is a response to Defendant's **Argument** in its brief dated May 9, 2007, in the same order and numbering as Defendant to avoid confusion with respect to previous Plaintiff's requests and Defendant's responses.

**A. Defendant has Fully, Completely and Accurately Responded to Document Request 6 (Motion to Compel 6) – Plaintiff's Request:** Copies of any and all correspondence among the USDA, USFS, and the U.S. Office of Personnel

2

Management (OPM) between February 10, 2003 and July 30, 2003 with respect to Mr. Underwood's selection into the Senior Executive Service (SES).

**Plaintiff's Response:** Defendant has not disputed the fact that he must get OPM's approval of Mr. Underwood's certification into SES after he was selected on February 10, 2003. OPM transmitted that approval to Defendant on July 11, 2003 – more than 5 months later. OPM's approval is based on a review of the selectee's application and, if necessary, requires additional information (supplementation); is time sensitive; and not automatic. In response to the above request by Plaintiff, Defendant to date has provided repeatedly Plaintiff simply a copy of Mr. Underwood's application (that is already in the Report of Investigation) and the OPM's approval dated July 11, 2003. Defendant would like the Court to believe that somehow Mr. Underwood's application was mysteriously received by OPM without any official transmittal letter or correspondence from Defendant requesting approval of Mr. Underwood's application into the SES. And furthermore several months later and without any further correspondence or discussion, OPM simply certified his selection into the SES. Defendant's assertion that he does not have any record of any communication with OPM on this certification is at best an attempt to stonewall and mislead the Court if not altogether false. This information is crucial for the reasons given in the Plaintiff's motion to compel. Plaintiff requests the Court to compel the agency to provide this information.

**B. Defendant has Fully, Completely and Accurately Responded to Interrogatory 8 and Document Request 7 (Motion to Compel 7) – Plaintiff's Interrogatory:** State whether Mark Rey, Under Secretary, Natural Resources and Environment, USDA, or his

3

staff forwarded/provided a copy of the letter of recommendation, dated September 3, 2002, written in support of the plaintiff by two high-level Department of Interior officials to any one in the USFS, or did he or his staff discuss it with any one in the USFS? If yes, with whom, when?

**Plaintiff's Response:** Defendant in its filing of May 9, 2007, acknowledges that the letter referred above was forwarded to the Forest Service and that someone from Mr. Rey's Office did in fact place the letter in Plaintiff's application package but Defendant does not know who placed it there. The ROI includes a copy of the letter but no other information on how it was placed in Plaintiff's file or who else may have seen it. Prior to his filing the brief in opposition to Plaintiff's motion to compel, Defendant had simply asserted that there is no documentation or information with respect to this request or the interrogatory. Defendant now states that his counsel contacted a staff in the Under Secretary's office who has no recollection about this letter but incredibly did not contact the Under Secretary – the recipient of the letter - nor anyone in the Forest Service whom the letter was likely forwarded by the Under Secretary or his staff as a part of the normal and ordinary course of business. Defendant would like the Court to believe that the letter was received by the Under Secretary of Agriculture; was forwarded to the Forest Service by someone in his Office; and was placed in Plaintiff's application at the Forest Service's Personnel Office located in Virginia by someone in the USDA in Washington, DC all without anyone having any knowledge whatsoever about this letter, including how and by whom it was placed in Plaintiff's application package. This assertion defies logic and is at best an attempt to stonewall and run out the discovery period without providing any relevant information that is in sole possession of Defendant. As discussed in Plaintiff's

4

motion to compel this information is crucial to determine whether, in view of this strong letter of recommendation, Defendant's staff in the Forest Service manipulated the rating process to ensure that Plaintiff was not included among the best qualified applicants.

**C. Defendant has Fully, Completely and Accurately Responded to Interrogatory 2 of Plaintiff's Second Request for Production of Documents and Interrogatory (Motion to Compel 8) – Plaintiff's Interrogatory:** Provide a copy of the USDA/USFS document that was the basis of the statement in the first paragraph on page 5 of the Final Report of Counseling by the Agency EEO Counselor, Ms. Nilda Godwin, dated February 18, 2004. That paragraph states, Candidates were rated on the scale of 1 to 5 (1 – being the lowest with no evidence, no experience, or no narrative written for the criteria; and 5 – being the highest.. ).

**Plaintiff's Response:** In response to this request, Defendant stated that he has provided Plaintiff with the documents that were responsive to this request. However, none of the documents in the ROI included the rating scale cited in the Final Counseling Report by the Forest Service's staff. Plaintiff believes that Defendant does not wish to provide the document cited in the Forest Service's Final Report because it is simply impossible to justify the rating that was assigned to Plaintiff's application by Defendant's staff as a part of the evaluation of Plaintiff's application under this rating scale. Defendant stated on October 23, 2006, that he (referring to Ms. Godwin) developed that information from interviews with Agency Officials, Executive Resources Board Coordinator and ERB members, not from a specific document. In other words, the Defendant asserts that the rating scale cited by the Forest Service's staff in the Final Counseling Report was simply

made up by that staff and was not a part of the actual rating process. This is at best an attempt by Defendant to stonewall and not provide the information in its sole possession for the following reasons. The Agency's Final Counseling Report was completed on February 18, 2004 and is included in the Report of Investigation (ROI). If the rating scale cited in Defendant's Final Counseling Report was in fact not used by the Rating panel and was simply made up by its EEO Counselor, as the Defendant now asserts, why was this information not corrected for nearly two years after Plaintiff first raised this issue. And why has Defendant not corrected this false statement with respect to the rating scale cited by his Counselor in its Final Report to date. If the rating scale was in fact made up by the Counselor, as the Defendant asserts, Plaintiff's request to the Court that Defendant be required to provide an explanation why this false information was included in the Report is entirely appropriate. For the reasons given here as well as in Plaintiff's motion to compel, Plaintiff requests that the agency provide a copy of the rating scale, or in the alternative correct the statement from Ms. Godwin about the rating scale in the ROI; and provide a statement under oath by Ms. Godwin why this false information was included in her Final Counseling Report even after she personally interviewed the rating panel members and USDA personnel staff about the rating process and other related matter. This issue was in fact discussed with the Defendant's counsel on January 29, 2007, where Defendant's counsel insisted that, under the law, Plaintiff cannot depose Ms. Godwin, the preparer of Agency's Final EEO Counseling Report, about the rating scale cited in her Report even though she is not a part of Defendant's legal staff. Clearly, as far as Plaintiff is concerned, this issue is not resolved contrary to Defendant counsel's assertion.

**D. Defendant has Fully, Completely and Accurately Responded to Interrogatory 12 (Motion to Compel 9)- Plaintiff's Interrogatory**: State why the USFS provided an unsigned and undated evaluation of candidates by the rating panel for the Assistant Director (a GS-15 position) in the Minerals and Geology Program that indicated the Plaintiff was near the bottom of the applicant pool… Does the agency prepare unsigned and undated and only subjective evaluation (no quantified ranking) for filling vacancies?

**Plaintiff's Response:** Defendant first falsely stated in its response to the above interrogatory that a dated and signed Evaluation of Candidates for Supervisory Assistant Director position is in fact included in the ROI.  Defendant's counsel in the January 29, 2007 meeting was shown a copy of this unsigned and undated Evaluation that is in fact included in the ROI.  The ROI simply does not contain any signed and dated Evaluation of Candidates for Supervisory Assistant Director position – other than this unsigned and undated Evaluation.  Incredibly, Defendant continues to insist that Plaintiff's application was rated and ranked, albeit ranked lower than plaintiff would have personally preferred even though ROI does not contain such information to support its assertion. Plaintiff requests that Defendant simply provide a copy of the signed and dated Evaluation by the panel that ranked Plaintiff's application lower than other applicants as Defendant continues to assert even in its May 9, 2007 filing if such a rating exists.

**E. Defendant has Fully, Completely and Accurately Responded to Document Request 2 from Plaintiff's Third Request for Production of Documents 9 (Motion to Compel 10)**

7

**Plaintiff's Response:** Defendant responded to this request by plaintiff, dated September 5, 2006 on May 8, 2007- 8 months later and after Plaintiff had already filed his motion to compel on April 26, 2007.  Defendant's counsel was advised in the January 29, 2007 meeting that Defendant had not responded to Plaintiff's request for documents, dated September 5, 2006. Defendant did not provide a response for the next three months after that meeting and provided a response on May 8, 2007 after the motion to compel was already filed. Again, Defendant did not provide the responsive documents and objected to this request calling it overbroad, harassing and unduly burdensome.  Plaintiff is only interested in information that is admissible.  Clearly, the agency has such information in its possession as indicated in the Declaration of Sadhna G. True.  Plaintiff has in fact narrowed his request to complaints filed by Indian-born applicants only and is willing to work with Defendant's counsel to narrow the scope further, if necessary.  This information is crucial to substantiate that Defendant has subjected to discrimination similarly situated Indian-born applicants repeatedly in similar circumstances. The fact that Defendant does not have an electronic date base with a specific category for Indian-born is irrelevant.  Indian-born applicants are included in the category "other" and Defendant can readily segregate the Indian-born applicants from the category "other." Defendant's assertion that it has offered to work with the Plaintiff is simply self-serving because Defendant made this offer in his May 8, 2007 response after Plaintiff had already filed his motion to compel and has made no attempt to discuss this issue further with Plaintiff's counsel.  Plaintiff requests the Court to compel Defendant to provide this information because, among others, Defendant's response was untimely and provided after the motion to compel was already filed.

**F. Defendant has Fully, Completely and accurately Responded to Document Request 2 from Plaintiff's Third Request for Production of Documents (Motion to Compel 11).**

**Plaintiff's Response:** Defendant provided his response on May 8, 2007 objecting to this request even though it was requested by Plaintiff on September 5, 2006 - 8 months earlier, and after Plaintiff had already filed its motion to compel on April 26, 2007. Defendant's counsel was advised in the January 29, 2007 meeting, that he has not responded to this request by Plaintiff dated September 5, 2006. Defendant did not provide a response for more than three months after that meeting and responded only after Plaintiff filed his motion to compel. Plaintiff requests the Court to compel Defendant to provide this information as requested for the reasons provided above in Plaintiff's response above.

**G. Defendant has Fully, Completely and Accurately Responded to Document Request 4 from Plaintiff's Third Request for Production of Documents (Motion to Compel 12).**

**Plaintiff's Response:** Plaintiff's response under numbers E and F above apply to this motion to compel because it was requested by Plaintiff on September 5, 2006 also.

**H. Defendant has Fully, Completely and Accurately Responded to Interrogatory 3 (Motion to Compel 13)- Plaintiff's Interrogatory:** State whether Ken Johnson, then Acting Director, MGM Staff, now retired, and Mr. Paul Johnson, at the time staff assistant to Mr. Thompson met on several occasions with Mr. Thompson….

9

**Plaintiff's Response:** Plaintiff had been advised by both Mr. Ken Johnson and Mr. Paul Johnson that they met with Mr. Thompson on several occasions to discuss Plaintiff's concerns about the rating process. Defendant at first refused to ask either Mr. Ken Johnson or Paul Johnson whether they met Mr. Thompson to discuss Plaintiff's concern about the rating process. Defendant instead stated that Mr. Thompson does not recall any meeting with Mr. Ken Johnson or Mr. Paul Johnson regarding plaintiff's concerns. Plaintiff repeatedly requested Defendant to contact Mr. Paul Johnson and Ken Johnson (as requested in the interrogatory) about the meetings – not provide a self-serving statement by Mr. Thompson about his recollection or lack thereof.  Defendant finally asked Mr. Paul Johnson about such meeting or meetings apparently on April 4, 2007 and acknowledged that Mr. Paul Johnson believes that Plaintiff did not make SES certificate was mentioned to Mr. Thompson – contradicting Mr. Thompson's earlier recollection. Plaintiff intends to depose Mr. Paul Johnson and strongly believes that Mr. Johnson will contradict the Defendant's assertion that he does not have in his possession a written statement that the Defendant USDA counsel specifically provided to Mr. Johnson for his review (after his interview with the USDA counsel) about meeting/discussions that Mr. Paul Johnson and Ken Johnson had with Mr. Thompson. Plaintiff believes that Defendant's assertion that it is aware of no such statement is simply false.  Mr. Ken Johnson has repeatedly advised Plaintiff that he has met Mr. Thomson to discuss Plaintiff's concern- a direct contradiction of Mr. Thompson's recollection.  Defendant has not asked Mr. Ken Johnson whether he met with Mr. Thompson so that Plaintiff can narrow the list of individuals he has to depose.  In stead, Defendant's stonewalling would

force Plaintiff to depose numerous individuals at great expense to gather corroborating evidence to substantiate his allegations of discrimination.

WHEREFORE, the Plaintiff requests that the Court compel production of documents and/or information requested earlier from the Defendant, and extend the discovery period to ensure enough time to complete deposition and other related matters as a part of discovery.

Respectfully submitted:

_____

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-9375
Fax (202) 296-9375

The Certificate of Service

I certify that a copy of the above has been served by mail on the office of the United States Attorney on

_____

Sol Z. Rosen, Esq.