UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIJAI N. RAI,<br><br>                Plaintiff,<br><br>v.<br><br>ED SCHAFER,[1] Secretary,<br>U.S. Department of Agriculture<br><br>                Defendant. | Civil Action No. 06-0109 (RJL) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Vijai N. Rai (hereafter "Plaintiff"), and Ed Schafer, Secretary, U.S. Department of Agriculture (hereafter "Defendant") hereby stipulate and agree by and through their respective undersigned attorneys to settle, compromise and dismiss the above-captioned action and all other Equal Employment Opportunity claims presented in this cause of action, under the terms and conditions set forth in this Stipulation of Settlement and Dismissal. In settlement of this matter:

1. Payment:

Defendant Ed Schafer, in his official capacity as Secretary of the U.S. Department of Agriculture, hereby agrees to pay Plaintiff a total of Twenty-six Thousand Dollars ($26,000.00) as a full, final and complete settlement of all Plaintiff's claims and damages, including, but not limited to, actual damages, compensatory damages, back pay, attorneys' fees, expenses and costs that Plaintiff may have incurred related to the above-captioned case, any prior administrative proceedings or any claim(s) regarding Plaintiff's employment with Defendant up to and including the effective date of this Stipulation. Defendant shall make the lump sum payment of $26,000.00 from the Judgment Fund, Department of the Treasury, via wire transfer and made

---

[1] By operation of Fed. R. Civ. P. 25(d)(1), Ed Schafer, Secretary of the U.S. Department of Agriculture, is substituted for Mike Johanns, former Secretary of the U.S. Department of Agriculture, who resigned from his position on September 20, 2007.

Case 1:06-cv-00109-RJL   Document 16   Filed 06/18/2008   Page 2 of 7

payable to Sol Rosen, Esq., attorney for Vijai Rai. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.

2. <u>No Admission of Liability</u>:

This Stipulation does not and shall not constitute an admission of discrimination and/or wrongdoing, liability, or any violation of Federal, State or local statute or regulation on the part of the United States, the Department of Agriculture, and its officers, agents or employees. Furthermore, none of the terms of the Stipulation may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Stipulation.

3. <u>Release:</u>

This Stipulation represents the full and complete satisfaction, settlement and discharge of all claims, demands, and causes of action arising from the allegations set forth in the complaint filed in this action, including any and all claims brought or that could have been brought by Plaintiff in any administrative or judicial forum as of the date of the execution of this Agreement and including full and complete satisfaction of all claims for costs and attorneys' fees that have been or could be made in this case, including any and all fees and costs incurred in connection with the administrative process, the District Court litigation process, mediation, and any other proceedings involving the claims raised in this action.

Plaintiff and his heirs, administrators, successors or assigns hereby release and forever discharge Defendant, and its components, agents, employees and former employees, either in their official or individual capacities, for any concerns, administrative complaints, grievances,

appeals, and/or civil action(s) arising out of his employment with Defendant prior to the signing of this Stipulation; including but not limited to Civil Action No. 06-0109.

4. <u>Additional Provision to Comply with Older Workers Benefit Protection Act for Plaintiffs Over 40</u>:

Plaintiff knowingly and voluntarily waives his rights under the Age Discrimination in Employment Act ("ADEA") that has or could have been asserted up to and including the effective date of this Stipulation. Under the ADEA, and the Older Worker's Benefit Protection Act ("OWCBA"), Public Law 101-43, Plaintiff has the right to consult and confer with legal counsel or otherwise consider the terms of this Agreement for twenty-one (21) days before they take effect and that Plaintiff has been advised by Defendant's counsel that he should consult with an attorney. Plaintiff acknowledges that the negotiations for reaching the Stipulation began on March 4, 2008 when verbal agreement was reached to settle during mediation. Plaintiff's rights under the ADEA expired on March 25, 2008. The parties agree that any changes in the Stipulation did not restart these time periods.

Plaintiff has seven (7) calendar days from the date of his signature on this Stipulation to rescind his agreement. If Plaintiff desires to rescind this Stipulation he must first notify the Assistant United States Attorney <u>in writing</u>, of his decision no later than seven (7) calendar days following Plaintiff's execution of this Stipulation. The said Notice rescinding the offer of Stipulation must be postmarked no later than the seventh (7th) calendar day following the date of Plaintiff' signature both mailed and faxed to: Office of the U.S. Attorney 555 4th St., N.W., Room E-4204, Washington, D.C. 20530. If Plaintiff revokes the settlement within the aforementioned timeframe, all terms are null and void. Defendant also has seven (7) calendar days after the date of Plaintiff's signature to rescind this Stipulation. Should Defendant decide to

revoke its offer, it shall do so in writing to Sol Rosen, Esquire, 717 D Street, NW, 4th Floor, Washington, DC 20004.

By signing this document in the space provided below, Plaintiff specifically, knowingly and intentionally acknowledges that he was advised that he has the right to consult with legal counsel and was provided ample opportunity to so consult with an attorney.

5. No Assignment:

Plaintiff represents and warrants that he is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which he purports to release herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify Defendant, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

6. Dismissal With Prejudice:

Upon execution, filing, and the Court's entering of this Stipulation, this matter is dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, dismissing with prejudice all claims in the complaint.

Plaintiff further agrees to take any action necessary to dismiss with prejudice any pending EEO matters and other administrative actions, including the Equal Employment Opportunity Commission, the Office of Special Counsel, Federal Labor Relations Authority, the Merit Systems Protection Board, Office of Personal Management, General Accounting (now Accountability) Office, or any other Federal agency, administrative tribunal, or court, regarding

Plaintiff's employment with Defendant, up to and including the effective date of this Stipulation, against Defendant which are being released pursuant to this Stipulation agreement.

7. Tax Consequences:

Plaintiff fully understands and acknowledges that payment of any and all Federal, State or local taxes on all amounts remitted hereunder are the responsibility of Plaintiff and/or his attorney. Taxes will not be taken from this amount, but Defendant will report this amount to the Internal Revenue Service. Defendant makes no representations regarding any Federal, state, or local tax liability which may be incurred by Plaintiff and/or his attorney as a result of this payment. Any disputes over taxes are between the appropriate taxing authority and Plaintiff, not Defendant. No other fees will be offered or paid for any reason.

8. Merger Clause:

This Stipulation sets forth the entire understanding of the parties. All understandings have been incorporated into the terms of this Stipulation. No statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel which are not included herein shall be of any force or effect. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both parties.

9. Amendments:

This Stipulation agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

10. Binding Successors:

This Stipulation agreement shall be binding upon and inure to the benefit of Plaintiff and Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

11. Severability:

The provisions of this Stipulation agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of other provisions herein.

12. Consultation with Counsel:

The parties and their counsel acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation. The Plaintiff represents and agrees that he has thoroughly discussed all aspects of this Stipulation with his attorney, that he has carefully read and fully understands all of the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

Respectfully submitted,

_____
JEFFREY A. TAYLOR
D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney

_____
VIJAI RAI
Plaintiff

_____
SOL ROSEN, Esq.
D.C. Bar # 10967
717 D Street, NW
4th Floor, Washington, DC 20004

Attorney for Plaintiff

Date: 6/17/08

_____
CLAIRE M. WHITAKER
D.C. Bar # 354530
Assistant United States Attorney
555 4th Street, NW, Room E-4204
Washington, DC 20530

Attorneys for Defendant

Dated: 6/18/08

**ORDER**

DISMISSED WITH PREJUDICE

_____
UNITED STATES DISTRICT JUDGE